[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to General Statutes 8-8 from the decision of the New Haven Board of Zoning Appeals (Zoning Board) reversing a ruling of the Zoning Administrator that a use variance granted in 1966 is still in effect.
On March 30, 1966, the Zoning Board granted a use variance to the plaintiff, James Kronberg, to permit the establishment of a home improvement company at 680 Dixwell Avenue, also known as 682-84 Dixwell Avenue. On July 12, 1990, neighbors of the property requested that the Zoning Administrator issue an order to cease and desist commercial use of the property. The Zoning Administrator ruled on January 11, 1991 that the use variance was still in effect. On January 14, 1991, one neighbor filed an appeal from that ruling to the Zoning Board. Pursuant to 8-7 of the General Statutes, legal notice of the public hearing was published three times on February 7, 10 and 14, 1991. A public hearing was held on February 20, 1991. At that time, the Zoning Board voted to reverse the Zoning Administrator's decision. The Zoning Board published its decision on February 25, 1991 in compliance with 8-7. On March 11, 1991, Kronberg appealed from that reversal to the Superior Court. On October 21, 1991 the appeal was heard by this court.
On March 30, 1966, the Zoning Board granted a use variance to James Kronberg to permit the establishment of a home-improvement company at 680 Dixwell Avenue (also known as 682-84 Dixwell Avenue) in a RM 2, residential zone, subject to two conditions. One condition was that a fence be built between the property and the neighboring gasoline station to eliminate access from the station to the back part of the subject property. The second condition was that only a sign that meets the standards for signs allowed in residential areas shall be submitted to the City Plan Department for final approval. The letter granting the variance also stated that permission will become null and void unless exercised within six months of April 4, 1966 and that a permit from the Building Department is required before commencing work. CT Page 10055
On July 12, 1990, an attorney representing some neighbors of the property wrote to the Zoning Administrator requesting a cease and desist order on the grounds that the use was in violation of the New Haven zoning and building codes in several ways. First, it was contended that the variance was not recorded. The second contention was that a building permit to construct "the commercial first floor" was not obtained within one year. Third, Kronberg never constructed the improvements that he stated he would make on his application. Other complaints were that numerous cars and trucks could be seen on the premises and on the sidewalks around the property, and that the fence required as a condition of the variance was no longer present.
The Zoning Administrator responded that the use variance was still effective since there was no evidence that the business failed to open within 6 months of the effective date, and since no action was taken by any zoning enforcement officer in the last 25 years to negate the original approval. The Zoning Administrator further stated that some of the suspicious activities complained of fall under the jurisdiction of other city departments.
Louis Moore, a neighbor, filed an appeal with the Zoning Board on the grounds that Kronberg failed to file the use variance among the land records of the Town of New Haven and that he failed to obtain a building permit. The Zoning Board reversed the Zoning Administrator's decision based on the above grounds on February 20, 1991.
Kronberg commenced this appeal by serving the Board and the Town Clerk on March 12, 1991. He filed the complaint in Superior Court on March 18, 1991. The complaint alleges that the first floor of the building was consistently used as a commercial operation for the last 25 years, that the time to appeal the 1966 variance had long since passed and that the Board was both procedurally in error and abused its discretion in entering its final order.
The plaintiff argues in his brief that the conditions of the variance were met. The fence was reconstructed after falling into disrepair, and there was neither a need for a sign nor any need for a building permit since no work was needed within or without the structure. The plaintiff further argues that the recording requirement was enacted eleven years after the original variance was granted, and therefore, does not apply.
The Board argues that the plaintiff has the burden of proving that the Board acted improperly, and that this burden was not met. The Board also contends that its action was reasonably supported by the evidence in the record. The Board asserts: CT Page 10056
 There is evidence that plaintiff's 1966 application to the Board provided for certain improvements to be constructed as part of the use for which the variance was sought . . . . Clearly, in order to exercise the 1966 variance it was necessary for the plaintiff to carry out the improvements on which the variance was predicated. Failure to take out a building permit resulted in a failure to exercise the variance, which therefore became void.
Defendant's Brief, p. 3.
"An appeal from an administrative body exists only by statutory authority." Manchester Environmental Coalition v. Planning Zoning Comm'n. , 41 Conn. Sup. 184, 192 (1989, Aronson, J.) (citation omitted). "If an appeal is authorized by statute, there must be strict compliance with it." Id. (citation omitted).
The Zoning Board acts pursuant to General Statutes 8-7, which provides for appeals to be taken to the Board by any person aggrieved by a decision of a zoning enforcement officer. Section 8-7 authorizes the Board to reverse, affirm or modify any decision appealed from.
The plaintiff now appeals to the court from the Board's decision pursuant to General Statutes 8-8. Under 8-8 (b), "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ." General Statutes 8-8 (b).
 [T]he aggrievement requirement encompasses a twofold test. "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision."
Primerica v. Planning Zoning Comm'n. , 211 Conn. 85, 92-93,558 A.2d 646 (1989) (citation omitted).
Here, the plaintiff owns the property at issue. The Zoning Board's decision directly affects the plaintiff's use of his property and his legal obligations and interests as to the CT Page 10057 property. Therefore, the plaintiff is an aggrieved party. See Bossert Corp. v. City of Norwalk, 157 Conn. 279, 285, 253 A.2d 39
(1968).
In zoning appeals, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676,559 A.2d 1174 (1989).
 [T]he board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal . . . . [A] reviewing court reviews the record of the administrative proceedings to determine whether . . . the board `has acted fairly or with proper motives or upon valid reasons.'
Schwartz v. Planning Zoning Comm'n. , 208 Conn. 146, 152,543 A.2d 1339 (1989) (citations omitted). "`When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision."' Horn v. Zoning Board of Appeals, supra (citation omitted). "The court should not go behind the official statement of the board." Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 153, 365 A.2d 387 (1976) (citation omitted). "`As long as an honest judgment has been reasonably and fairly exercised by a zoning commission after full hearing, courts should be cautious about disturbing the commission's decision . . . ."' Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 72, 556 A.2d 1026 (1989) (citations omitted).
In this case, the Zoning Board gave two reasons for its decision. Therefore the court's task is to review only these two reasons and determine whether they are valid.
The first reason for the Board's decision is that the use variance had not been recorded on the New Haven Land Records pursuant to General Statutes 8-7. This provision, however, was not enacted until 1977, eleven years after the variance was granted. Conn. Pub. Acts No. 77-509 (1977). Prior to this enactment, a variance became effective "at such time as is fixed by the board . . . ." General Statutes (Rev. to 1975) 8-7. According to the terms of this variance, the effective date was April 4, 1966, subject to two conditions.
The defendants' attorney conceded on oral argument that there was no recording requirement until 1977 and that it did not apply retroactively. He made no claim that the 1977 enactment was binding on the plaintiff, nor could he point to any law which made CT Page 10058 it a requirement.
Since the recording requirement was not enacted until eleven years after the variance was granted, and nothing in the record indicates that it applies, it is an invalid reason for the Board's reversal of the Zoning Administrator's ruling that the variance is still in effect.
The second reason set forth for reversal is that "[no] building permit has been taken out for the use permitted by the variance." Record, Exhibit K. The variance states, "Permission hereby granted by the Board will become null and void unless exercised within six months of April 4, 1966, the effective date of this decision. A permit from the Building Department is required before commencing work." Record, Exhibit C, letter of March 30, 1966. The defendants argue that the 1966 application for the variance provided for the construction of improvements as part of the use for which the variance was sought, and that it was necessary to actually construct those improvements to exercise the variance. They contend that the variance became void as a result of the failure both to construct the improvements and to obtain a building permit.
The use variance was made conditional on compliance with only the two enumerated provisions. The statement that a building permit was required was not a condition upon which the effectiveness of the variance depended but merely a statement made for the information of the applicant.
Where the acquisition of a building permit was not an express condition to the effectiveness of a variance grant, whether or not the permit was obtained has no bearing on the effectiveness of the variance because a building permit goes to the construction or alteration of a structure or building, while a variance goes to the use of the land upon which the building stands. A variance has been defined as "a legal status granted to a certain parcel of realty." Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239,303 A.2d 743 (1972) (emphasis added). The purpose of the Building Code is to regulate "the design, construction and use of buildings or structures to be erected and the alteration of buildings and structures already erected . . . ." General Statutes 29-252 (a) (emphasis added).
Therefore, since obtaining a building permit was not one of the conditions of the variance, and since the permit goes to the use of the structure rather than the use of the land, failure to obtain a permit was an invalid reason for reversing the ruling that the variance was still effective.
Since neither of the two reasons given for the Zoning Board's CT Page 10059 reversal of the Zoning Administrator's decision was valid, the plaintiff's appeal is sustained. Furthermore, on the record before this court, the absence of any enforcement action for almost twenty-five years renders the Zoning Board's decision unreasonable and arbitrary.
Judgment shall enter for the plaintiff and against the defendant.
Licari, J.