[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is a Motion for Leave to Intervene filed on June 25, 1992 by nine individuals, the CT Page 9910 intervenors. Said motion should be granted.
On April 3, 1992, the plaintiff filed this appeal from the decision of the East Haven Planning and Zoning Commission rendered on March 4, 1992 denying its application for zone change.
On January 8, 1992, the Commission held a public hearing on plaintiff's application for a zone change. During the public hearing on January 8, 1992, a protest petition was filed by persons, including the intervenors, under Section 8-3 (b) of the General Statutes.
On March 4, 1992, the Commission denied plaintiff's application "since there was not the requisite two-thirds votes" required by said Section 8-3 (b). In its appeal from this decision, the plaintiff alleges, inter alia, that the signatures on the protest petition did not satisfy the requirements of Section 8-3 (b) and that, therefore, approval by a two-thirds votes was not required.
Each of the nine intervenors seek intervention on two grounds. The first ground, as set forth in their motion, is that pursuant to Practice Book 99, the court, in its discretion should permit them to intervene in the plaintiff's appeal because the Commission accepted their protest petition at the agency level and, therefore, as "abutting landowners" they have an interest in seeing the validity of the petition upheld on appeal.
The second ground asserted by two of the intervenors, in their motion to intervene is intervention as of right pursuant to General Statutes 22a-19, which allows any person to intervene as a party on the filing of a verified pleading stating that the action for judicial review involves conduct which is reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources.
As to the first ground, Practice Book 99 provides:
 "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others but if a complete determination CT Page 9911 cannot be had without the presence of other parties, the court may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party."
In the present case the intervenors contend that under the language of Practice Book 99 the court should, in its discretion, grant their motion to intervene because having filed a protest petition as abutting property owners, they have a direct and immediate legal interest in defending its validity. Further, they state, that their presence is necessary for a complete resolution of the controversy.
Whether to allow permissive intervention, "is a matter entrusted to the discretion of the trial court." Horton v. Meskill, 187 Conn. 187, 197; In re Jason, 41 Conn. Sup. 23, 26.
 "The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interest by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court . . . A ruling on a motion for permissive intervention would be erroneous only in the rare case where such factors weigh so heavily against the ruling that it would amount to an abuse of the trial court's discretion."
Horton, supra, 197.
In this case, this court should exercise its discretion in CT Page 9912 favor of granting the motion to intervene, as to all intervenors, pursuant to Practice Book 99.
No delay or prejudice to the plaintiff would result in granting the motion at this early stage.
In addition, the intervenors claim an interest pursuant to General Statutes 8-3 (b), which establishes the protest procedure in cases relating to establishing and changing zoning regulations upon which movants rely. In pertinent part, Section 8-3 (b) provides:
 "Such regulations . . . shall be . . . changed only by a majority vote of all the members. If a protest against the proposed change is filed at or before a hearing with the zoning commission, signed by owners of twenty percent or more of the area of the lots included in such proposed change or of lots within five hundred feet in all directions of the property included in the proposed change, such change shall not be adopted except by a vote of two-thirds of all the members of the Commission."
The intervenors have alleged an interest under said Section8-3 (b) sufficient to permit intervention.
Also the intervenors assert that their interests may not be adequately protected in view of the fact that the only defendant, the Commission, may not defend the validity of the protest petition as a ground for denying plaintiff's application.
As to the second ground, General Statutes 22a-19 (a) states in pertinent part:
 "In any administrative . . . proceeding and in any judicial review thereof . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or CT Page 9913 action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710,715; Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,490.
"Section 22a-19 does not involve the classic requirement of being an aggrieved party." Manchester Environmental Coalition v. Planning and Zoning Commission, 41 Conn. Sup. 184, 195. "[T]his statute confers upon anyone who complies with its requirements standing to raise only environmental issues." Gardiner v. Conservation Commission, 222 Conn. 98, 107. Citing Mystic Marinelife Aquarium, Inc., supra, 499-500.
The purpose of the EPA is "to give private citizens a voice in ensuring that the air, water and other natural resources of the state remain protected, preserved and enhanced, and to provide them `an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction.' General Statutes 22a-15." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 44.
On July 31, 1992, there was filed a document entitled, "verified pleading on motion for leave to intervene pursuant to General Statutes 22a-19", signed by two of the intervenors and notarized. The pleading states that the signatories have read the motion for leave to intervene and incorporated memorandum of law and that it is true to the best of their knowledge and belief. The verified pleading meets the requirements of said Section 22a-19.
As to the two intervenors who signed the verified pleadings the motion to intervene, as of right, pursuant to General Statutes 22a-19 should be granted, limited, however, to raising the environmental issue.
Accordingly, the motion to intervene is granted pursuant to Practice Book 99 as to all intervenors, and said motion is granted, as of right, to Fitzroy McLeggon and Maureen McLeggon CT Page 9914 only, limited to raising the environmental issue pursuant to Section 22a-19.
Ronald J. Fracasse, Judge