[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from the Commissioner of Motor Vehicles' suspension of the license of the appellant Michael K. McManus. The plaintiff in this matter was arrested for operating a motor vehicle while under the influence of intoxicating liquor. The plaintiff agreed to submit to a chemical analysis of his breath and the results of this test indicated that the ratio of alcohol in the plaintiff's blood was more than ten-hundredths of one percent of alcohol by weight. The plaintiff was given an administrative hearing, and as a result of his blood alcohol content, his license was suspended by the Commissioner.
The agency acted under the authority granted to it under Connecticut General Statutes 14-227b. The plaintiff appeals under the authority of 4-183. The plaintiff is aggrieved in that suspension of a driver's license constitutes an adverse effect on a specific, personal and legal interest sufficient to satisfy the aggrievement requirement of the UAPA. See Conn. Gen. Stat. 4-183(a); Tarascio v. Muzio,40 Conn. Sup. 505, 507 (1986).
"Judicial review of the commission's action is governed by the uniform Administrative Procedure Act and the scope of that review is very restricted." Buckley v. Muzio,200 Conn. 1, 3 (1986). The court may not substitute its own judgment for that of the commission nor is it to retry the case. Id. The court is only to decide whether the commissioner has acted unreasonably, arbitrarily, illegally, or in abuse of discretion. Id. The plaintiff has the burden of proving that the commissioner acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles,165 Conn. 15, 16-17 (1973). CT Page 2706
The plaintiff first claims that hearsay police reports were improperly allowed into evidence and that the plaintiff was therefore deprived of a fundamentally fair hearing. "Any oral or documentary evidence may be received at the hearing of a contested administrative case, and our courts have held that this includes hearsay evidence as long as it is reliable and probative." Harrington v. DelPonte,5 Conn. L. Rptr. 240 (1991) citing Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985) aff'd 202 Conn. 28, 33 (1987); see also Pukalo v. Commissioner of Motor vehicles,4 Conn. L. Rptr. 215, 217-18 (1991). Under Connecticut General Statutes51-85 attorneys are empowered to issue subpoenas to compel the attendance of witnesses. "The admission of written reports does not detract from the fundamental fairness of the administrative procedure when the reports must be material to the issues and when their makers may be subpoenaed and cross-examined." Dowling v. Commission of Motor Vehicles,4 Conn. L. Rptr. 21, 24 (1991); see Richardson v. Perales, 402 U.S. 389,410 (1971). In this instance, the officers were not subpoenaed and the plaintiff is therefore unable to claim a lack of fundamental fairness. See Dowling, 4 Conn. L. Rptr. at 24.
The plaintiff next claims that the A-44 report was not properly sworn to in that a seal was not present on the document acknowledging the officer's oath. However, a report submitted pursuant to General Statutes 14-227b(c) at a license suspension hearing is not required to bear a notarized seal or to be sworn to before a notary. Pukalo, 4 Conn. L. Rptr. at 216-17.
The third and fourth claims of the plaintiff revolve around the officer's alleged failure to transmit the plaintiff's operator's license to the Department of Motor Vehicles within three business days under the provisions of 14-227b(c). "The failure to comply with the provision of 514-227b(c) is not a sufficient ground for overturning the determination that the plaintiff's license should be suspended." Volck v. Muzio, 204 Conn. 507, 518 (1987); Lee v. DelPonte,2 Conn. L. Rptr. 480, 482 (1990); see also Peters v. Department of Motor Vehicles, 4 Conn. L. Rptr. 301. (1991).
The plaintiff next claims that the suspension of his license should be overturned because the officer who administered the breath test did not swear to it in the police report. CT Page 2707 The report, however, has a signature in the space for the signature of the officer administering the test. Presumably, therefore, the commissioner determined that this signature was that of Lt. Elliot who had administered the test. This determination should be respected and undisturbed by the court since "the accuracy and credibility of evidence received by an administrative agency is peculiarly within the province of the agency." Manchester Environmental Coalition v. Planning and Zoning Commission, 41 Conn. Sup. 184, 187 (1989). Moreover, one court has held that under certain circumstances, an arresting officer's report is admissible even though it was not signed by the officer administering the test. East v. Commissioner of Motor Vehicles, 4 Conn. L. Rptr. 450, 451 (1991). In view of the foregoing, this claim of the plaintiff's must fail.
The plaintiff's final claim is that the agency erred in suspending his license because the report in evidence lacked a notation that the plaintiff was informed that his license would be suspended if he refused to submit to a chemical test or failed such a test. "The license suspension hearing `shall be limited to a determination of the following issues: 1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drugs or both or while his ability to operate such a motor vehicle is impaired by the consumption of intoxicating liquor 2) was such a person placed under arrest; 3) did such person refuse to submit to such test or analysis; and 4) was such person operating the motor vehicle.'" Volck v. Muzio, 204 Conn. 507, 511-12 (1987) quoting Conn. Gen. Stat. 14-227b(d). "With respect to a license suspension hearing . . . whether an operator was warned of the consequences of refusing to submit to chemical tests is not made one of the four issues to be adjudicated pursuant to subsection (d). Although one of the four issues to be determined is whether a driver has refused to submit to chemical testing, his knowledge of the consequences is not an essential factor in deciding whether such a refusal has occurred." Volck,204 Conn. at 520; see also Diaz v. Department of Motor Vehicles,4 Conn. L. Rptr. 277, 279-80 (1991). Therefore, the alleged failure to inform the plaintiff of the consequences of his refusal to submit to chemical testing or his failure of such a chemical test cannot serve as a basis for overturning all suspension of the plaintiff's license. CT Page 2708
For the reasons stated, the plaintiff's appeal is dismissed.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT