[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On September 25, 1991, the applicant, Westwood Park, Inc., applied to the Town of Tolland Inlands Wetlands and Watercourses Agency for a Wetlands permit in conjunction with a planned fifteen lot residential subdivision.
Following a meeting on October 17, 1991, the Plaintiff was invited to attend future meetings and make comments on the proposed application. Several members of the Plaintiff organization attended the November 7, 1991 meeting and the Plaintiff filed a written statement at the meeting on November 21, 1991. At the meeting on December 5, 1991, the president of the Plaintiff organization was in attendance and the organization was represented by an attorney and an environmental analyst who testified on its behalf.
The Town of Tolland Inland Wetlands Regulation provides in Section 9.1 that a public hearing shall be held on all applications involving a "significant activity." Notwithstanding the numerous meetings on the matter, the Wetlands Commission concluded that no significant activity was involved and accordingly held no public hearing.
AGGRIEVEMENT
The Plaintiff's property is located immediately adjacent to the north of the applicant's property. The property is largely a wooded tract of land which is used for hunting, fishing and other recreational purposes by its 800+ members. The property contains several streams and two ponds which are CT Page 5786 stocked with trout on a regular basis and used for recreational fishing. The streams and wetlands located on the Plaintiff's property cross the boundary onto the applicant's property at several points.
The Court finds that the Plaintiff is aggrieved.
ISSUES
 I. The Plaintiff claims that the Commission abused its discretion when it found that there was no significant impact from the proposed project. The Plaintiff claims that this finding, which is admittedly an essential prerequisite to a waiver of a public hearing, is not supported by the facts. II. The Plaintiff further claims that the Commission committed a fatal procedural error when it failed to publish notice of the waiver of the public hearing requirement pursuant to Section 22a-39(k) of the Connecticut General Statutes.
DECISION
The Court finds that the following Exhibits attached to the record support the Plaintiff's claim of significant activity:
 1. Exhibit 20, a report of Barbara A. Obeda, Environmental Systems Analyst EIS, Inc., Brookfield, Connecticut 06804.
2. Exhibit 22, a map of the proposed subdivision.
3. Exhibit 14, a letter from the Plaintiff.
4. Exhibit 10, a memo from the Plaintiff.
The Court finds the following Exhibits support the Town's position of no substantial activity:
 1. Exhibit 12, opinion of the Director of Development, David Smith.
 2. Exhibit 19, the opinion of the wetlands agent, Christie Bartlan.
CT Page 5787
Reviewing the record as a whole, a Commission could reasonably have concluded that the area of the entire tract is 28.04 acres and that the area of the wetlands to be disturbed is .8 acres which is three percent of the total (Exhibit 22). The wetlands had previously been extremely disturbed prior to this application (Exhibit 10, Minutes of the area that had previously been disturbed was to be December 5, 1991, Page 2, Engineer Torcellini's, item 4), and returned to a wetland condition and a detention pond established by request of the Inland Wetlands Commission. This was considered to be an improvement of the status quo (Exhibit 10, Minutes of October 3, 1991 and October 17, 1991). This area would be 1.68 acres or six percent of the tract (Exhibit 22). This would result in the net gain of fifty percent of the previously disturbed area in better ecological condition after the work is done.
Although a court cannot substitute its judgment for that of the Commission, it can determine that a Commission has abused the discretion vested in it, if, in reviewing the record, it cannot find that the Commission acted on the basis of substantial evidence. Any decision not supported by substantial evidence must be reversed or modified by the Court. Lawrence v. Kozlowski, 171 Conn. 705, 707-708 (1976).
However, the Appellate Court has held in Laufer v. Conservation Commission of the Town of Fairfield, 24 Conn. App. 708,716 (1991):
 "The fact that the possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . An administrative agency is not required to believe any witness, even an expert, nor is it required to use any of the evidence presented to it in a particular manner."
In the instant case, the testimony of the Plaintiff's witnesses, particularly Ms. Obeda, support the finding of "significant impact." The testimony of other witnesses, particularly David Smith, Director of Development, and Christie Bartlan, the Wetlands Agent, support the conclusion of no "significant impact." CT Page 5788
Accordingly, the Court finds that the Commission did not abuse its discretion when it found "no significant impact" and waived the requirement for the public hearing in accordance with Section 9.1 of its Regulations.
The Plaintiff's second argument is that even if the waiver was factually justified, the Commission failed to properly waive the hearing because it failed to publish a notice of the waiver in violation of Connecticut General Statutes Section 22a-39(k).
Manchester Environmental Coalition v. The Planning and Zoning, 41 Conn. Sup. 184 (1988), presented issues virtually identical to the issues before the Court in the instant case. The only apparent difference is that in Manchester the local regulations were adopted prior to the passage of Connecticut General Statutes Section 22a-39(k). It appears that the Tolland regulation was adopted subsequent to the passage of the Connecticut General Statutes Section 22a-39(k). The Court sees no reason that this factual difference should affect the outcome in this case.
The Court adopts the reasoning of Judge Aaronson in Manchester Environmental Coalition and will only briefly outline that reasoning in this opinion.
Section 22a-39 of the General Statutes deals with the duties of the Commissioner of Environmental Protection in relation to Wetlands and Watercourses. Provisions governing the Department of Environmental Protection need not be incorporated into local municipal enactments. All that is required is that the local body not enact regulations inconsistent with the state law, Aaron v. Conservation Commission, 183 Conn. 532, 543 (1981). Following the test set forth in Aaron the Court finds nothing inconsistent between Section 9.1 of the Tolland regulations and Section 22a-39(k) of the General Statutes.
In Manchester Environmental Coalition the Court wrote: "If the legislature, knowing of the large bodies of regulations existing throughout the state, had intended to obligate all local commissions to follow the exact dictates of 22a-39(k) it could have specifically done so in the passage of Public Acts 1977, No. 77-397." The Court finds CT Page 5789 that it is equally persuasive that if the legislature, knowing of large bodies of existing regulations which did not require the notice of public hearing, wished compliance with22a-39(k) at least prospectively, it could have required said compliance when it enacted P.A. 77-397 (Now 22a-39(k)).
In conclusion, this Court finds that on the record before it the Tolland Inlands and Wetlands Watercourses Commission could reasonably have found that there was no "significant impact." The Commission was within its rights pursuant to Section 9.1 of its Regulations to waive the requirement of a public hearing. The Court further finds that Section 9.1 is not inconsistent with Section 22a-29(k), therefore, there is no procedural defect in the manner in which the Commission proceeded. Accordingly, the Court sustains the action of the Tolland Inland Wetlands Commission.
The appeal is hereby denied.
BY THE COURT,
Kevin E. Booth Judge, Superior Court