HENRY C. CASTELLON, JR., ET AL. *v.* BOARD OF ZONING APPEALS OF THE TOWN OF BRANFORD ET AL.
(14276)

PETERS, C. J., SHEA, GLASS, COVELLO and BORDEN, Js.

Argued December 10, 1991—decision released March 3, 1992

*Norbert W. Church, Jr.,* for the appellants (defendants).

*Michael R. Caporale, Jr.,* for the appellees (plaintiffs).

BORDEN, J. The dispositive issue of this appeal concerns the scope of our decision in *Conto* v. *Zoning Commission,* 186 Conn. 106, 439 A.2d 441 (1982). In *Conto,* we held that an aggrieved property owner in the town of Washington could not appeal a zoning commission's administrative decision directly to the Superior Court, but was required instead to exhaust the applicable administrative remedies by appealing first to the Washington zoning board of appeals. Id., 114. This appeal raises the question of whether, on the one hand, that decision turned on the particular regulations of the town of Washington or, on the other hand, such an exhaustion requirement is implicit in our statutes governing such appeals and is therefore of general applicability.

The defendants, the zoning board of appeals (board) and the planning and zoning commission (commission) of the town of Branford, appeal from the judgment of the trial court sustaining the zoning appeal of the plaintiffs.[1] The board had denied an appeal taken to it by the plaintiffs from a decision of the commission. From that decision of the board, the plaintiffs appealed to the trial court, which held that the board did have jurisdiction to hear the plaintiffs' appeal.

The Appellate Court granted certification to appeal, and we transferred the appeal to this court pursuant to Practice Book § 4023. We reverse.

The facts are undisputed. In February, 1989, the plaintiffs applied to the commission for a special use and for site plan approval in order to construct a three story building on the plaintiffs' real estate located in a "Center Business BC District" in Branford. The first floor of the building was to contain offices, and the second and third floors were to be residential apartments. The basement was to contain a laundry room and storage space for the tenants, and part of the basement was to be unfinished. The commission approved the application subject to three conditions, two of which were that (1) the unfinished part of the basement "shall have a ceiling height no greater than 6 ft." and the storage and laundry areas "shall not be converted to any other use," and (2) final engineering details shall be adjusted "as requested by Town Engineer." After the commission had denied the plaintiffs' request to delete these two conditions, the plaintiffs appealed to the board, which, on October 10, 1989, denied the plaintiffs' appeal on the ground that it had no jurisdiction over an appeal from a decision of the commission.

[1] The plaintiffs are the named plaintiff, Henry C. Castellon, Jr., and Ann Castellon, Phillip Castellon, Christine Castellon, Anthony Castellon and Mary Castellon.

The plaintiffs thereafter appealed to the Superior Court, naming both the commission and the board as defendants. The court, viewing the issue before it as whether the board had jurisdiction to review a decision of the commission, determined that under *Conto* v. *Zoning Commission,* supra, "[t]he correct manner to appeal the Commission's decision [lay] in an appeal to the Board in the first instance and only if then unsuccessful before the Board, to the Superior Court."[2] Accordingly, the court sustained the plaintiffs' appeal. This appeal followed.

The defendants claim that *Conto* does not control this case, that the Branford zoning regulations are different from those of the town of Washington that we construed in *Conto,* and that our statutes governing zoning matters do not mandate that all administrative decisions of zoning or planning and zoning commissions must first be appealed to the local zoning board of appeals before they are appealed to the Superior Court. The plaintiffs, to the contrary, argue that *Conto* does control this case, and that General Statutes § 8-6 requires that any administrative decision by a planning and zoning commission must first be appealed to the local zoning board of appeals before it is appealed to the court. We agree with the defendants that there is no such requirement.

In *Conto,* we concluded that the town zoning regulations vested in the zoning commission itself the power of enforcement of the local residential zoning regulations. Id., 110–11. Although the regulations in that case provided that the commission "may appoint a Zoning

---

[2] Although the court properly viewed the issue before it as involving the jurisdiction of the board, in dictum it opined that the two conditions imposed by the commission on the plaintiffs' special use and site plan approval were not supported by the zoning regulations. Although the plaintiffs have addressed the merits of that dictum in the appeal, we decline to consider that issue and leave it to the full consideration of the trial court upon remand.

Enforcement Officer to determine violation of these Regulations, to order corrections or termination of such violations and to perform other functions as delegated by the Commission"; id., 110–11 n.4; there is nothing in the opinion indicating that such an officer had been appointed. We held that General Statutes § 8-3 (e)[3] expressly permitted zoning commissions to provide for the manner of enforcement of zoning regulations, and that "[a]lthough the statutes permit delegation of authority to a zoning enforcement officer; see, e.g., General Statutes §§ 8-3 (f), 8-11a, 8-12; 3 Rathkopf, Law of Zoning and Planning (4th Ed. 1981) § 45.01; they do not expressly or by implication require such a delegation." *Conto* v. *Zoning Commission,* supra, 112.

We further concluded in *Conto* that the "town zoning regulations could legally provide that appeals from enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals." Id., 113. The Washington zoning regulations "empower[ed] its zoning board of appeals '[t]o hear and decide appeals where it is alleged that there is an error in any order or decision made by the Zoning Commission or its Enforcement Officer.' Washington Zoning Regulations § 18.1.1." Id. We rejected the argument that this provision violated General Statutes § 8-6[4] because "the words 'the official' in § 8-6 preclude review by a zoning board of appeals of the action of a commission." Id. Instead, we held that when read in conjunction with General Statutes

---

[3] General Statutes § 8-3 (e) provides: "The zoning commission shall provide for the manner in which the zoning regulations shall be enforced."

[4] General Statutes § 8-6 provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made *by the official* charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." (Emphasis added.)

§ 8-8, which refers to "any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board,"[5] and in conjunction with General Statutes § 8-12,[6] which provides for enforcement of zoning regulations "by the officer or official board or authority designated therein," § 8-6 permitted "zoning boards of appeals to review the actions of any local officer, board or commission that has been designated by local regulations to be the official charged with the enforcement of local zoning regulations." Id., 113–14.

---

[5] The relevant part of General Statutes (Rev. to 1979) § 8-8 provided: "APPEAL FROM BOARD TO COURT. REVIEW BY SUPREME COURT. Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

[6] The relevant part of General Statutes (Rev. to 1979) § 8-12 provided: "PROCEDURE WHEN REGULATIONS ARE VIOLATED. If any building or structure has been erected, constructed, altered, converted or maintained, or any building, structure or land has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such violation or to prevent the occupancy of such building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises. Such regulations shall be enforced by the officer or official board or authority designated therein, who shall be authorized to cause any building, structure, place or premises to be inspected and examined and to order in writing the remedying of any condition found to exist therein or thereon in violation of any provision of the regulations made under authority of the provisions of this chapter or, when the violation involves grading of land or the removal of earth, to issue, in writing, a cease and desist order to be effective immediately."

Finally, in *Conto* we concluded that neither General Statutes § 8-9[7] nor General Statutes § 8-10,[8] nor the two sections taken together, permit an aggrieved party direct access to the court when the local regulations provide for an intermediate appellate step between the commission and the court. Id., 115–18. We held that "[s]ince the zoning commission's decision to issue a use permit was an enforcement action falling under § 8-6, Washington is free to authorize an appeal of that decision to its zoning board of appeals by means of [zoning regulation] § 18.1.1." Id., 117.

*Conto,* therefore, turned on two critical factors: (1) our reading of the local regulations as vesting the enforcement power in the commission itself, rather than in a zoning enforcement officer, and thus the implicit designation by those regulations of the commission as the enforcement "official" within the meaning of § 8-6; and (2) § 18.1.1 of the Washington regulations, which specifically provided for resort to the zoning board of appeals to rectify "an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Neither of these factors is present in this case.

Unlike the Washington regulations, § 3 of the Branford zoning regulations, entitled "Administration and Enforcement," requires that there be a zoning enforce-

---

[7] General Statutes § 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the appellate court in the manner provided in section § 8-8."

[8] General Statutes § 8-10 provides: "The provisions of sections 8-8 and 8-9 shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality whether or not such municipality has adopted the provisions of this chapter and whether or not the charter of such municipality or the special act establishing zoning in such municipality contains a provision giving a right of appeal from zoning boards of appeals or zoning commissions and any provision of any special act, inconsistent with the provisions of said sections, is repealed."

ment officer and is replete with references to that officer as the official charged with the responsibility of enforcing the applicable regulations. Section 3.1 provides in relevant part that "[t]here shall be a Zoning Enforcement Officer who may also be the Building Inspector of the Town of Branford if so appointed. The Zoning Enforcement Officer shall have the responsibility and authority to enforce the provisions of these Regulations in accordance with any administrative rules and procedures established by the Commission." Section 3.6 gives the zoning enforcement officer the authority to "approve Applications for a Certificate of Zoning Compliance and [to] issue [a] Certificate of Zoning Compliance when he determines that all requirements of these Regulations have been met," and to "require the applicant to furnish measurements of any construction features subject to the requirements of these Regulations . . . ." Section 3.7 authorizes the officer "to inspect or cause to be inspected any land, building or other structure to determine compliance with these Regulations." Finally, § 3.8 authorizes the officer "to issue a Stop Work Order if in his judgment the use of land, buildings and other structures . . . [is] not being carried out in compliance with these Regulations," and "to order in writing the remedying of any condition found to be in violation of these Regulations."

Furthermore, § 4 of the Branford regulations, entitled "Zoning Board of Appeals," provides in its entirety as follows: "4.1 The Zoning Board of Appeals shall have all of the powers and duties prescribed by these Regulations and the *General Statutes* of the State of Connecticut and may adopt rules and procedures necessary to exercise its authority." (Emphasis in original.) Thus, unlike the Washington regulation construed in *Conto,* this provision does not interpose an intermediate appellate step between decisions of the commission and the court.

We conclude, therefore, that since, under the zoning regulations in this case, the zoning enforcement officer, and not the commission, was "the official charged with the enforcement of this chapter [124] or any bylaw, ordinance or regulation adopted under the provisions of this chapter," within the meaning of General Statutes § 8-6, the board was correct in declining to review the commission's decision in this case. We conclude further that, since the regulations in this case do not provide for review of the commission's decision by the board, there was no further administrative remedy available from the board for the plaintiffs to exhaust before resorting to an appeal pursuant to General Statutes § 8-9.[9] Accordingly, the trial court improperly determined that the board should have heard the plaintiffs' appeal from the decision of the commission.

Our conclusion is buttressed by the fact that we have routinely sanctioned similar direct appeals to the court from decisions of zoning and planning and zoning commissions without requiring prior resort to the local zoning boards of appeals. See, e.g., *TLC Development, Inc.* v. *Planning & Zoning Commission,* 215 Conn. 527, 577 A.2d 288 (1990) (appeal from denial of site plan approval by Branford commission); *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988) (appeal from denial of site plan approval by Hamden commission); *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 376 A.2d 385 (1977) (appeal from denial of site plan approval by Simsbury commission); *Marandino* v. *Planning & Zoning Commission,* 21 Conn. App. 421, 573 A.2d 768 (1990) (appeal from denial of site plan approval by Greenwich commission); *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 506, 480 A.2d 584, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984) (appeal from denial of site plan

---

[9] See footnote 7, supra.

approval by South Windsor commission). These decisions implicitly recognize that the exhaustion requirement we perceived in *Conto* was a function solely of the particular regulations at issue there and is not, as the plaintiffs' argument suggests, required generally by General Statutes §§ 8-6, 8-8,[10] 8-9 or 8-10.[11]

This discussion leaves the question of the form of the remand in this case. There is a procedural lacuna in these proceedings, because the plaintiffs, in misguided reliance on *Conto,* appealed to the trial court from the action of the board, rather than directly to the court from the decision of the commission, which would have been the proper procedural route. Conceivably, therefore, on the remand the case could be subject to a motion to dismiss by the defendants because the plaintiffs had not filed an appeal to the court from the decision of the commission. The defendants do not suggest such a draconian result, however, and they should not be heard to complain that the case arrived at the proper place by virtue of two steps rather than one. Furthermore, the commission was made a party defendant, along with the board, in the plaintiffs' appeal to the trial court. Under these circumstances, we deem it

---

[10] General Statutes § 8-8 (b) provides: "Except as provided in subsections (c) and (d) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."

[11] Indeed, the plaintiffs acknowledge that their interpretation of *Conto* v. *Zoning Commission,* 186 Conn. 106, 439 A.2d 441 (1982), and General Statutes § 8-6 "would involve a dramatic change in current appeal procedures" and that at least "a limited amount of confusion and inconvenience would occur." They therefore urge that a decision in their favor should apply only prospectively. Suffice it to say that we should be most reluctant to construe any statute so as to lead to such problematic results.

appropriate that, pursuant to General Statutes § 8-8 (p),[12] on the remand the trial court should retain the case and consider it as an appeal from the decision of the commission.

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

[12] General Statutes § 8-8 (p) provides: "The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."

This provision is derived from Public Acts 1989, No. 89-356, which took effect October 1, 1989. General Statutes § 8-9 applies the provisions of § 8-8 to appeals from decisions of zoning and planning and zoning commissions.