[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO REOPEN, #115
ISSUE
Whether the court should grant the plaintiff's motion to reopen the court's judgment of dismissal because the plaintiffs have cured the defect which caused the prior dismissal.
FACTS
The facts of the case are reported in the court's prior memorandum of decision, #113, and reference is made thereto. The plaintiffs, The Norwich Roman Catholic Diocesan Corporation and Bethany Housing Corporation, alleged that they are aggrieved by the decision of the defendant Cromwell Planning and Zoning Commission ("Commission") amending the Cromwell Zoning Regulations ("Regulations") by eliminating the Planned Residential Development zone wherein the plaintiff's premises lie. The original citation directed that a proper officer serve process solely upon the Chairman or Clerk of the Commission. The sheriff's return indicates that the Town Clerk of Cromwell was in fact served despite the failure of the citation to so direct. The court CT Page 8731 dismissed the action because the process failed to comply with General Statutes Sec. 8-8(e)[1] because the citation did not direct the sheriff to serve the Town Clerk of Cromwell.
On June 3, 1992, the plaintiffs served amended process on the Town Clerk of Cromwell. The amended citation contains a direction to the sheriff to serve the Town Clerk of Cromwell.
The plaintiffs now move the court to reopen its judgment of dismissal because the plaintiffs have cured the defect which resulted in the dismissal.
DISCUSSION
 The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book Sec. 326[2] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. (Citation omitted.)
Hirtle v. Hirtle, 217 Conn. 394, 398, 586 A.2d 578 (1991) (footnote omitted).
 "General Statutes Sec. 8-8(p) provides: `The right of a person to appeal a decision of a [zoning] board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.'"
CT Page 8732 Castellon v. Board of Zoning Appeals, 221 Conn. 374, 384,603 A.2d 1168 (1992) (emphasis added).
General Statutes Sec. 52-72[3] permits a party to amend a defective writ and to serve the amended process, "[T]he service of the amended writ is deemed to have been made when the service of the original process was made." Danziger v. Shaknaitis, 6 Conn. L. Rptr. 594, 596 (June 23, 1992, Austin, J.). "A writ of summons is analogous to a citation in an administrative appeal. . . ." Hillman v. Greenwich,217 Conn. 520, 526, 587 A.2d 88 (1991).
Accordingly, the plaintiffs may avail themselves of the provisions of General Statutes Sec. 52-72 to revive their appeal. The process now comports with the provisions of General Statutes Sec. 8-8(e).
CONCLUSION
The court grants the plaintiffs' motion to reopen because the amended service has cured the defect which resulted in the prior dismissal of this appeal.
AUSTIN, J.