[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiff appeals from the action of defendant's denial of his application for a special permit to sell beer under a grocery store permit. Defendant moves to dismiss on "the grounds of lack of jurisdiction over the subject matter, lack of jurisdiction of the person and insufficiency of process."
Facts
On or about January 8, 1992 the plaintiff filed an application for a special permit to sell beer at a store which he rented at 337 Willard Avenue, Newington, Connecticut, with the Newington Town Planning Zoning Commission ("T.P. Z.). Directly abutting plaintiff's store is a liquor store which sells liquor, wine and beer.
The application was scheduled for public hearing before the T. P. Z. on January 22, 1992. Such hearing was held at a meeting of the T. P. Z. on February 5, or 6, 1992 the application was denied for the following reasons:
 1. Pursuant to Section 5.2.6(A) of the Zoning Regulations, the Commission finds that a need for this special permit use has not been justified at this location.
 2. Pursuant to Section 5.2.6.(C) of the Zoning Regulations, the Commission finds that the relation of the 7-11
Store to the adjacent package store is such that the public has convenient access to purchase beer within this neighborhood shopping center.
The certificate of action dated February 6, 1992 was published in the New Britain Herald on February 12, 1992.
Plaintiff never filed an appeal to the Superior Court of that denial. By a petition dated March 9, 1992, plaintiff filed an appeal with the Newington zoning Board of Appeals ("ZBA") of the ruling of the T. P. Z. This application was heard by the ZBA at a public hearing on April 2, 1992 and was denied on that date with a certificate of action dated April 3, 1992 being published in the New Britain Herald on April 6, 1992.
Law
I. Subject Matter Jurisdiction CT Page 8093
This court does not have jurisdiction of appeals from administrative agencies if they are not brought within the statutory time limit. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322.
If we consider that the action appealed from is that of the T. P. Z. the appeal to this court should have been begun within 15 days of February 6, 1992. Conn. Gen. Stat.8-8(b). This appeal was not brought until April 15, 1992. However, plaintiff claims that his appeal to the ZBA and its action is what he is now appealing and thus he has satisfied the time limit.
The original application was for a special permit. For our purposes, an application for a special permit is treated the same as one for a special exception. A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182,184-85. Such permits and exceptions are to be granted by the "zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals whichever commission or board the regulations may, . . . designate . . ." Conn. Gen. Stat. 8-2. In Newington the regulations designate the T. P. Z. as the agency to "grant a permit to sell or serve alcoholic beverages." Newington Zoning Regulations 6.6.2.
If we were to consider the appeal to the ZBA as an application for a variance from the T. P. Z.'s action it would still fail because
 Under no circumstances shall the [ZBA] grant a variance to allow a use not permissible under the terms of this regulation in the zone involved, or any use expressly or by implication prohibited or otherwise regulated by special permit by the terms of this regulation in said zone. Newington Zoning Regulation 8.1.3(D).
Nothing in the regulations specifically provides that a petitioner may appeal to the ZBA from an administrative action of the T. P. Z. The zoning commission is not a zoning enforcement officer. Newington Zoning Regulations 7.1.1. Castellion [Castellon] v. Board of Zoning Appeals, 221 Conn. 374,380-382; Conto v. Zoning Commission, 186 Conn. 106, 112.
Plaintiff's appeal is not timely.
As to what action this court should take, we consider that the T. P. Z. application was denied February 6, 1992, the Castellon decision came down March 3, 1992 and the CT Page 8094 ZPA "appeal" was heard April 2, 1992. In our case the T. P. 
Z. was not made a party as it was in Castellon. The court has jurisdiction. Castellon v. Board of Zoning Appeals, supra, 383-384. Conn. Gen. Stat. 8-8(b).
II. Personal Jurisdictions and Insufficiency of Process
Although defendant fails to mention any problem with the recognizance in the "Facts" portion of its memorandum of May 21, 1992, the court will address it.
The use of the word "plaintiff" in place of Ashvinkumar Desai in the recognizance is meaningless. Conn. Gen. Stat. 8-8(h), (p) and (q). In fact, our Practice Book 51 could easily be read to allow the use of "plaintiff".
Motion denied.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT