[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT TO THE SUPERIOR COURT
I.
Plaintiff filed a petition in Superior Court under C.G.S.16-266 for the appointment of three disinterested persons to assess damages for the taking of an easement, both permanent and temporary, through property of the defendant in Monroe, Connecticut, located at 1428 Monroe Turnpike, Monroe-Stevenson Road, Route 111 as shown on Exhibit A. The undersigned three persons have been duly appointed and sworn, have viewed the property involved, and hereby file this report with the Superior Court.
The taking in this case occurred on April 18, 1991. It entailed 3.77 acres of a permanent right of way and 1.96 acres of a temporary right of way. The defendant's property consists of two parcels of land, a main parcel of 141.24 acres and a 6.48 acre south of the main parcel with no frontage on any road and no access. The latter parcel is land-locked. The main parcel is used as the provincial headquarters of the New England province of the defendant. About 10 acres of the main parcel are cleared and improved with convent buildings, including a 5,638 square foot brick and masonry structure built in 1962 containing living quarters and various other improvements. The improved portion of the main parcel is not affected by the taking. The remainder is wooded, unimproved, sloping and rolling with wetlands along the eastern boundary where the Boys Halfway River is located. The land locked parcel is wooded and unimproved and has never been utilized.
The defendant has never attempted to subdivide the property, and nothing has ever been done to determine by tests whether the unimproved portion of the main parcel was suitable for subdivision.
Minicucci v. Commissioner of Transportation, 221 Conn. 382, CT Page 7711 384, lays down the generally accepted rule that "fair market value" is the price a willing buyer would pay a willing seller based on the highest and best use of the land, assuming of course that a market exists for such optimum use. Raw land as such, with little or no improvements or preparation for subdivision, may not be valued as if the land were in fact a subdivision. The land must be considered in its present condition as a whole, with consideration given to any increment or enhancement in value due to the property's present adaptability to subdivision development. Minicucci, supra, 385. In determining its highest and best use the court must consider whether there is a reasonable probability in the reasonably near future the property will be subdivided. Robinson v. Westport,222 Conn. 402, 406.
Under the facts and circumstances of this case, the attempt by the defendant's appraiser Harkins to evaluate the property by the lot method is not appropriate because the property does not fall within the parameters of the rules set forth in the cases cited above. Defendant testified that it had no intention at the time of taking, of subdividing the property within the reasonably near future. Defendant's landscape architect, Blades, produced an imaginary subdivision layout dated September, 1991, five months after the taking. It was neither reviewed or signed by a licensed engineer as required by town subdivision regulations. Blades did not know whether five of the lots would be approved because of the wetlands. His testimony at best was very speculative, making Harkins' testimony equally unreliable. Harkins further stated it was impossible to produce a before and after valuation for lack of comparable sales. He further failed to consider all the many factors involving the various expenses to develop a subdivision, including the time element for disposing of all the lots. See Robinson, supra, 408. It would serve no useful purpose to dissect all of the other weaknesses in Harkins' appraisal. The panel is convinced it has alluded to sufficient deficiencies in the testimony of Harkins as well as Blades to make their testimony lacking in the credibility necessary here to establish an accurate determination of damages. Harkins' valuation of the land-locked parcel, for example, cannot be based merely upon "the minimum amount that plaintiff was paying for an easement." For these reasons, Harkins' determination of damages as $400,000.00 appears to be simply without a credible foundation.
Plaintiff's appraiser reaches a damage figure for both the CT Page 7712 main parcel and the land-locked parcel of $31,300.00. The panel finds this figure much too low because it appears to minimize the future value enhancement of defendant's raw land as a site for single-family residential development. The panel finds that a fairer and more reasonable estimate of damages is $92,500.00, and it so finds and therefore recommends this figure to the Superior Court.
JOHN N. REYNOLDS, DISINTERESTED PERSON
THOMAS J. O'SULLIVAN, DISINTERESTED PERSON
GEORGE A. SADEN, DISINTERESTED PERSON
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]