[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PROCEDURAL BACKGROUND
On June 14, 1993 the Planning and Zoning Commission of the Town of Wallingford granted the application of Bristol-Meyers Squibb for a special permit to construct a heliport on its property in the town of Wallingford. The plaintiff Peter Wasilewski appealed that decision with an appeal dated June 22, 1993.
In his appeal the plaintiff cited the chairman and secretary of the planning commission, served the town clerk and cited the successful applicant, Bristol-Meyers Squibb Company. The plaintiff neither named the Town of Wallingford nor the Wallingford Planning and Zoning Commission as a defendant in the action. This court concluded that the failure to name the town or commission constituted subject matter jurisdiction and in a memorandum dated October 28, 1993 dismissed the appeal. Counsel was notified of that dismissal on November 9, 1993. With a return date of November 30, 1993, counsel filed a second appeal which was served on the various defendants named therein between November 10th and November 12, 1993. The court finds that all service was made within fifteen days of the dismissal of the first appeal.
The defendant Bristol-Meyers is absolutely correct when it states
 "At oral argument, the court (Booth, J.) specifically inquired of counsel for both parties if they wished the court to determine CT Page 5134 whether § 8-8(p) or (q) could save plaintiff's appeal in the event the motion to dismiss were granted."
Defendant's reply memo February 24, 1994 at 2 and 3.
DISCUSSION
Section 8-8q of the General Statutes provides:
 "If an appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has otherwise been avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. The provisions of § 52-592 shall not apply to appeals taken under this section."
Because § 8-8 (q) only applies to appeals which have been determined to have defects, it appears to the court that notwithstanding the express agreement of counsel to argue its applicability in the earlier case any ruling by the court concerning its applicability is dicta unless and until the purported appeal is refiled in a timely manner.
Two significant events have occurred since the courts initial dismissal in October of 1993. First the matter has been dismissed and refiled so that 8-8q has clearly become central to the decision. More importantly when the matter was refiled the parties argued the Supreme Court decision in Castellon v. Board of ZoningAppeals, 221 Conn. 374 (1992).
Castellon was cited by neither party nor was it considered by the trial court in the arguments leading up to this court's memorandum dismissing the original appeal on October 28, 1993. InCastellon the plaintiff relied in good faith on what the plaintiff claimed was an ambiguous Supreme Court decision. Relying on that decision, Conto v. Zoning Commission, 186 Conn. 106 (1982), the plaintiff had appealed a decision of the Branford Zoning Commission to the Branford Zoning Board of Appeals. After the ZBA determined that it did not have jurisdiction in the matter the plaintiff CT Page 5135 appealed to the Superior Court joining both the board and the commission as defendants. Ultimately the Supreme Court determined that the plaintiff was not required to appeal to the zoning board of appeals. This decision created the problem for the plaintiff that his proper appeal would have been from the zoning commission to the Superior Court. The time limit for such an appeal had long run because of the time which had been consumed, first in the appeal to the zoning board appeals, and then in the appeal to the Superior Court, and finally in the appeal to the Supreme Court. The Supreme Court remanded the case to the trial court and noted in the remand that under the circumstances of that case it was appropriate pursuant to 8-8p that the trial court should consider the case as an appeal from the commission's decision.
Section 8-8p, which provides that the right to appeal from the doings of the zoning authorities shall be liberally construed and 8-8q which allows pleading over after "an appeal has failed" would each appear to give the plaintiff in a zoning appeal a second life under similar circumstances. Relying on cases such as Shapiro v.Carruthers, 28 Conn. App. 188, and Dugan v. Derby Board of Appeals,2 Conn. L. Rptr. 565 this court in its memorandum of October 28, 1993 had expressed the opinion that 8-8p and 8-8q could save a plaintiff from defects of form but could not correct defects which went to subject matter jurisdiction. Specifically the court in its October memorandum held:
 "It would appear that while the purpose of 8-8
(p) is to avoid dismissing land use appeals on procedural technicalities, its scope is not so broad as to include jurisdictional defects."
Memorandum at page 5.
There can be little question that the requirement of 8-8 (b) that the appeal shall be commenced by service of process within fifteen days of the date that notice of the decision was published is jurisdictional. Nevertheless the Supreme Court in Castellon
held:
 "Conceivably, therefore, on the remand the case could be subject to a motion to dismiss by the defendants because the plaintiff had filed an appeal to the court from the decision of the commission. The defendants do CT Page 5136 not suggest such a draconian result, however, and they should not be heard to complain that the case arrived at the proper place by virtue of two steps rather than one. Furthermore, the commission was made a party defendant, along with the board, in the plaintiff's appeal to the trial court. Under these circumstances, we deem it appropriate that, pursuant to General Statute 8-8 (p) on the remand the trial court should retain the case and consider it as an appeal from the decision of the commission."
Castellon at 383, 384.
While the court recognizes an inconsistency with the dicta
contained in its memorandum of October 28, 1993, there can be no question that Castellon stands for the proposition that under the proper circumstances 8-8p, and by extension 8-8q, can be used to save a zoning appeal from a jurisdictional defect.
It appears to this court that gravamen of the statute's ability to save an appeal from a jurisdictional defect is that the plaintiff attempted to take an appeal within a timely manner, that the commission was aware of the fact that an appeal was taken within a timely manner, and that the plaintiff made some type of mistake in taking its appeal.
In Castellon the plaintiff received an unfavorable decision from the zoning authority in February of 1989. The Supreme Court released its decision on March 3, 1992. There is no claim that the plaintiff had taken an appeal from the zoning commission to the Superior Court during the period of more than three years from the time of the zoning commission decision until the Supreme Court remand. Nevertheless since the commission was aware of the appeal and since the very purpose of 8-8p and 8-8q were to ameliorate some of the harsh results following the earlier Simko decision Simko v.Zoning Board of Appeals, 205 Conn. 413 (1987), the Supreme Court allowed the appeal to continue.
While recognizing that the Supreme Court in Castellon
addresses 8-8p almost as an afterthought, recognizing further that the decision does not analyze the difference between defects of form and defects going to jurisdiction, nevertheless it appears to the court that since the plaintiff took his initial appeal in a CT Page 5137 timely manner, refiled his appeal within the time limit set forth in 8-8q, and the town was not prejudiced by the defect in the original appeal, Castellon is controlling and the motion to dismiss is denied.
The court by,
Kevin E. Booth, Judge