[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8341
Facts
The plaintiff, Pasquale Camputaro, d/b/a American Sand and Gravel Co., maintains a plant for the production of asphalt in the Town of Griswold. The issue of whether the plaintiff's plant complied with Griswold zoning was brought up in meetings of the Griswold Planning and Zoning Commission held on October 11, 1994, November 14, 1994 and at a special meeting on December 1, 1994. At the December 1, 1994 meeting, the Zoning Commission ordered Peter Zvingilas, the Zoning Enforcement Officer, to issue a cease and desist order to the defendant. Mr. Zvingilas issued the order on December 1, 1994, and delivered it to the plaintiff on December 2, 1994. The plaintiff filed a timely appeal of the cease and desist order with the Zoning Board of Appeals, and the appeal was scheduled for a public hearing on January 4, 1995.
At the public hearing, the plaintiff was informed by the chairperson of the Zoning Board of Appeals that the Board did not believe that it had jurisdiction to hear the appeal, and would not hear the appeal.
The Board's decision that it lacked jurisdiction was based upon a letter dated December 28, 1994, from Attorney Peter J. Bartinik, Jr. to Theodore Faulise, chairperson of the Board.
Mr. Bartinik cited Section 16.1 of the Griswold Zoning Regulations which provides:
 "Appeals. Any person may appeal to the Zoning Board of Appeals when it is alleged that there is an error in any order, requirement or decision made by the zoning enforcement officer related to the enforcement of these regulations. The Board may reverse or affirm, wholly or partly or may modify the order of requirement or direction appealed from, and shall make such order, requirement or decision as in its opinion ought to be made in the premises and shall have the powers of the officer from whose order, requirement or decision the appeal was taken . . ."
The Griswold Regulations had, at one time, provided for CT Page 8342 appeal to the Zoning Board of Appeals from a cease and desist order issued by either the Zoning Enforcement Officer or the Commission itself. The present regulations have maintained the right of the Commission to issue a cease and desist order but have excluded from the right to appeal, the right to appeal an order issued by the Commission. Since the local regulation does not provide authority for the Zoning Board of Appeals to hear appeals from the Zoning Commission, Attorney Bartinik ruled that there was absence of jurisdiction.
Aggrievement
Testimony was presented at trial by Mr. Camputaro that he has owned the property in question for a long period of time; that he was the owner of the property on the day of the order by the Zoning Enforcement Officer at the direction of the Zoning Commission; and, that he has continued to be the owner of the property. Accordingly, the Court finds that Mr. Camputaro is aggrieved.
Discussion
In Conto v. Zoning Commission, 186 Conn. 106, 114 (1982), the Supreme Court held that an aggrieved party in the Town of Washington could not appeal a Zoning Commission's administrative decision directly to the Superior Court, but was required instead to exhaust applicable administrative remedies by appealing first to the Washington Zoning Board of Appeals.
In Castellon v. Board of Zoning Appeals, 221 Conn. 374
(1992), the Supreme Court revisited the issues which had been dealt with in Conto.
In Castellon, the court held:
 "In Conto, we concluded that the Town Zoning Regulations vested in the Zoning Commission itself the power of enforcement of the local residential zoning regulations [citations omitted]. Although the regulations in that case provided that the Commission "may appoint a Zoning Enforcement Officer to determine violation of these Regulations, to order corrections or terminations of such violations and to perform other functions as designated by the Commission" CT Page 8343 [citations omitted] there is nothing in the opinion indicating that such an officer had been appointed."
The court in Castellon went on to conclude that General Statute § 8-3 (e) expressly permits zoning commissions to provide for the manner of enforcement of regulations and that although the statute permits delegation of authority to a zoning enforcement officer, it does not expressly or by implication require such a delegation. The Castellon court further concluded that in Conto the "[t]own zoning regulations could legally provide that appeals from the enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals. Id., 113"
However, the Castellon court also held:
 "Conto, therefore, turned on two critical factors: (1) our reading of the local regulations as vesting the enforcement power in the Commission itself rather than in the zoning enforcement officer and thus implicit designation by those regulations of the commission as the enforcement official within the meaning of Section 8-6 and (2) Section 18.1.1 of the Washington Regulations, which specifically provided for resort to the Zoning Board of Appeals to rectify "an error in any order or decision made by the Zoning Commission or its Enforcement Officer. Neither of these factors is present in this case." Id. at 380.
In Castellon, the court distinguishes Conto because it found that unlike the Washington Regulation in Conto, the Branford Regulation in Castellon did not interpose an intermediate appellate step between the decisions of the Commission and the Court. Relying on this finding, the Supreme Court concluded that the trial court improperly determined that the Board should have heard the plaintiff's appeal from the decision of the Commission.
In Castellon, the plaintiffs had applied to the Branford Zoning Commission for a special use and cite plan approval in order to construct a three-story building on the plaintiff's real estate located in a business district. CT Page 8344
In Conto, the plaintiff was an aggrieved property owner who appealed from the issuance by the Zoning Commission of the Town of Washington of a permit authorizing conversion of a neighboring building into a pizza restaurant. Thus, it is clear that in bothCastellon and Conto, the actions complained of occurred in proceedings initiated by an applicant. In each case, some type of hearing or proceeding was held and required to be held by the local zoning commission.
Several points appear clear to this Court: (1) it is possible to take an administrative land use appeal directly from the Commission to the court bypassing the Zoning Board of Appeals under proper circumstances. Castellon; (2) it is proper to appeal from a Zoning Commission to a Zoning Board of Appeals when jurisdiction is specifically granted to the Zoning Board of Appeals by the local regulation. Conto; (3) there is a right to appeal from zoning commissions and planning and zoning commissions to the Superior Court § 8-9, Connecticut General Statutes; (4) an appeal under § 8-9 is made in the manner provided in section 8-8; (5) a § 8-8 appeal is a record appeal in which the court reviews the proceedings of the Board and allows parties to introduce additional evidence only under certain limited circumstances specified in section 8-8 (k).
An examination of the record in this case indicates that the Town of Griswold has no provision for any type of mandatory proceeding or public hearing before the Planning and Zoning Commission when it chooses to engage in enforcement action directly by the Commission rather than by the Zoning Enforcement Officer. While the Zoning Commission held meetings to discuss the question of Mr. Camputaro's claimed nonconforming use, none of these meetings appear to have been required by anything in the Griswold Zoning Regulation. Further, there appears to have been no requirement for a public hearing or even the requirement for a notice to Mr. Camputaro before these meetings were held.
The instant case presents a limited number of options to the Court. It would appear that the Court must do one of the following: (1) review the proceedings which were held by the Zoning Commission even though those proceedings were not mandatory and there are no guidelines for what should have occurred at the proceedings; (2) remand the matter to be heard by the Zoning Board of Appeals to produce a record which the Court may review for abuse of discretion; (3) remand the matter to the Zoning Commission for a hearing on the claimed nonconforming use CT Page 8345 notwithstanding the fact that nothing in these regulations requires such a hearing; (4) grant a trial de novo in the Superior Court and substitute the judgment of the Superior Court for the judgment of the local agency; (5) dismiss the appeal ruling, in effect, that when the Griswold Zoning Commission acts as an enforcement agency, there is no right to appeal notwithstanding the provisions of § 8-9 of the General Statutes.
Faced with these options, the Court holds that a hearing at the local level required by local regulations is an unarticulated prerequisite to the result announced by the Supreme Court inCastellon. While the Court recognizes that the Castellon court did not dwell on the distinction, the Castellon result is entirely understandable in those cases such as Castellon where an applicant had instituted the proceedings and received a full hearing in front of the zoning commission. If the local agency wishes to act as its own enforcement authority and to remove the Zoning Board of Appeals from the review process they have the right to do so. However, a condition of the exercise of that right is to require a hearing at the local level which Superior Court can review in order to fulfill its obligations under §8-9.
The Court holds that, absent a provision for a mandatory local hearing on the enforcement question by the Zoning Commission, the Zoning Commission has impliedly authorized a local hearing by the Zoning Board of Appeals. In the absence of such a provision for a local hearing, the Court finds that this case, while appearing similar to Castellon, is effectively the equivalent of Conto.
Because there is no provision for a local hearing by the Zoning Commission when it is exercising enforcement authority, unlike the situation when it is exercising its permit granting authority, the Court finds that the Superior Court would have nothing to review unless a hearing was held before the Zoning Board of Appeals.
The appeal is sustained. The matter is remanded with directions to the Zoning Board of Appeals to exercise jurisdiction over the question of whether or not the Zoning Commission's cease and desist order was properly issued.
Kevin E. Booth, J. CT Page 8346