[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by the plaintiffs Dwight and Ann Way from decisions made by the Planning and Zoning Commission of the Town of Preston (PZ) and Zoning Board of Appeals of the Town of Preston (ZBA). The defendant Robert E. Barry (Barry) moves to dismiss the plaintiffs' appeal.
The plaintiffs make the following allegations in their two-count complaint. Barry applied to the PZ on February 29, 1996, requesting approval of a site plan for an addition to a nonconforming building. Barry also applied to the ZBA for a variance to the Preston zoning regulations to increase the size of a nonconforming use. On March 5, 1996, the PZ denied Barry's application, stating that only the ZBA had authority to approve a change to a nonconforming use.
On April 8, 1996, following a public hearing, the ZBA CT Page 1321 granted Barry's application for a variance, on the conditions that Barry remove underground gasoline storage tanks and gas pumps located on the premises and fence the rear of the lot at issue.
On May 15, 1996, the PZ reconsidered Barry's application for approval of his site plan. The PZ approved the plan, contingent on Barry filing a revised plan at some unspecified future date. Notice of this decision was published in the Norwich Bulletin on May 16, 1996.
On May 31, 1996, within fifteen days after the publication of the PZ's decision, the plaintiffs, who are abutting landowners, made an application to the ZBA to appeal the PZ decision. The plaintiffs took this action pursuant to § 20.1.5 of the Preston zoning regulations. On June 10, 1996, the ZBA voted against accepting the plaintiffs' application for appeal, stating that the appeal should have been made to the Superior Court, pursuant to General Statutes § 8-9. The plaintiffs then appealed to this court.
Barry has moved to dismiss the complaint on the ground that this court lacks subject matter jurisdiction for two reasons. First, the defendant argues that General Statutes § 8-8 requires the plaintiffs to appeal the PZ's decision within fifteen days of May 16, 1996, the date the PZ's decision was published. Because the plaintiffs appealed to the ZBA, which did not have jurisdiction over the appeal, the defendant reasons that the plaintiffs failed to file their complaint with the court within the statutorily prescribed period.
The defendant's second argument is that the ZBA refused to act on the plaintiffs' application to appeal because the application was outside the scope of the ZBA's powers, as defined by General Statutes § 8-6. The defendant argues that this statute limits the Board of Zoning Appeals powers to review enforcement of the town's zoning regulations by either a planning and zoning commission or a zoning enforcement officer; (2) hear and decide matters under General Statutes § 8-2, which applies to adoption of zoning regulations by a town's planning and zoning commission; and (3) determine and vary the application of a town's zoning regulations after an individual's hardship is balanced with the goals of the zoning regulations. Since the plaintiffs attempted to appeal the CT Page 1322 PZ's approval of a site plan, which the defendant argues does not fall within one of the such categories, the ZBA was without jurisdiction to hear the appeal.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is what jurisdiction." Upson v. State, 190 Conn. 622, 624
(1983 ).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13 (1995). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) O G Industries, Inc. v. Planningand Zoning Commission, 232 Conn. 419, 425 (1995).
The defendant's first argument in support of his motion is without merit in light of Castellon v. Board of ZoningAppeals, 221 Conn. 374 (1992), in which the Supreme Court determined that the plaintiffs were not required to appeal to the zoning board of appeals, which, in turn, created a problem for the plaintiffs because the proper appeal would have been from the zoning commission to the Superior Court. The time limit for such an appeal had long run because the plaintiffs appealed to the zoning board of appeals, erroneously relying on the court's decision in Conto v. Zoning Commission,186 Conn. 106 (1982), then appealed to the Superior Court and finally appealed to the Supreme Court. The Supreme Court remanded the case to the trial court, noting in the remand that, given the circumstances and pursuant to General Statute § 8-8 (p), it was appropriate for the trial court to consider the case as an appeal from the commission's decision.
The defendant's second argument in the present case raises the question of whether the plaintiffs were required to exhaust their administrative remedies before appealing to this court. The plaintiffs believed that they were following the CT Page 1323 appropriate path of appeal pursuant to the town's zoning regulation, § 20.1.5, which provides that a person aggrieved by a decision of the PZ, or the zoning enforcement officer, may appeal the decision to the ZBA.
The defendant urges the court to interpret the local regulation to mean that an appeal may be taken to the ZBA when the PZ acts in an enforcement capacity, thereby adhering to the limitations imposed on the powers of a ZBA by § 8-6. The plaintiffs agree that this is a correct interpretation of the local zoning regulation. The plaintiffs disagree, however, with the defendants assertion that PZ approval of a site plan does not constitute enforcement of the town's zoning regulations. Accordingly, the plaintiffs argue that they were required to exhaust the administrative remedy of appealing to the ZBA before resorting to an appeal to this court.
The Castellon case involved an application for site approval, as does the present case. Unlike the present case, however, the local zoning regulations at issue in Castellon
did not provide for review of the zoning commission's decision by the zoning board of appeals. The Supreme Court concluded that the question of whether the zoning board of appeals inCastellon had jurisdiction to hear the plaintiffs' appeal from the denial of their application for site plan approval is "a function solely of the particular regulations at issue."Castellon v. Board of Zoning Appeals, supra, 221 Conn. 383.
The court finds that the Preston zoning regulations provide an intermediate step of review of the PZ's decision to grant Barry's application for site plan approval. Taking action on a site plan application involves the question of whether the use of the land in question is in compliance with the pertinent zoning regulations. See Corsino v. Grover,148 Conn. 299. Such decisions concerning the use of the land in question clearly involve enforcement by the PZ of the local regulations in accordance with the town's zoning plan. LeoFedus Sons Construction Co., 27 Conn. App. 412, 417 (1992), rev'd on other grounds, 225 Conn. 432 (1993).
"Zoning boards of appeals do not perform the same functions as zoning commissions. Zoning boards of appeals do not adjudicate initial land use applications, but review those already acted upon by a municipality's zoning commission or enforcement officer." Leo Fedus Sons Construction Co. v.CT Page 1324Zoning Board of Appeals, 225 Conn. 432, 445 (1993). Accordingly, the court finds that the plaintiffs correctly applied to the ZBA for an appeal of the PZ's decision to approve the defendant's site plan in a timely manner. The court further finds that the ZBA had jurisdiction to hear the plaintiffs' appeal, pursuant to § 20.1.5 of the local zoning regulations and General Statutes § 8-6.
For the reasons stated above, the defendant's motion to dismiss is denied and the plaintiffs' appeal is remanded to the Zoning Board of Appeals of the Town of Preston in accordance with General Statutes § 8-8 (p) so that it may conduct a hearing on the merits of the plaintiffs' application.
Hendel, J.