[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Background
On October 4, 1997, Stolz Home Builders, Inc., Charles Pakulis and Clarisse Pakul is (hereinafter the "applicant"), sought approval for a subdivision plan and special exception for premises owned by the applicant located at 224 Baltic Road and Pine Court, Franklin, Connecticut. The applicant proposed to subdivide its property into four building lots with two rear lots.
The Town of Franklin Planning Zoning Commission ("Commission") held a public hearing on the application for subdivision and special exception on December 16, 1997. Although the minutes of that meeting do not reflect that the Commission voted on the applications, the Commission published notice on December 24, 1997, that it had, in fact, approved the application for subdivision and application for special exception with conditions. At a regular meeting on January 20, 1998, the Commission approved and corrected the minutes from its December 16, 1997 meeting so as to reflect that, in fact, the Commission did approve the applications.
On January 26, 1998, the plaintiffs filed an appeal with the Town of Franklin Zoning Board of Appeals ("ZBA") contesting the merits of the Commission's decision, and the propriety of the Commission's subsequent amendment/correction of its minutes. (Affidavit of Robert Constant, Chairman of ZBA, ¶ 63). On March 24, 1998, the ZBA dismissed the plaintiffs' appeal for failure to timely appeal within thirty-five days of their purported decision of December 16, 1997. Id., ¶ 11.
 State of Appeals
The plaintiffs, James and Carol Hill, filed three separate appeals which have been consolidated.
The plaintiffs' first appeal, filed on January 12, 1998, alleged that the Commission's purported approval of an applicant's subdivision plan with a special exception was illegal, arbitrary and an abuse of discretion because: (1) the Commission did not consider the defects and adverse effects of the applicant's plans; (2) the minutes from the Commission's December 16, 1997 meeting do not indicate that any vote was taken by the Commission, and therefore, the published notice of CT Page 11210 decision was void; (3) the Commission did not vote with respect to the special exception; and (4) certain drawings of the applicant were not signed or approved.
On February 2, 1998, the plaintiffs filed their second appeal in this court, essentially on the same grounds as the first appeal and, additionally, contesting the propriety of the Commission's amendment of the December 16, 1997 minutes. Then, on March 23, 1998, the plaintiffs filed a third appeal in this court on the basis that the Commission failed to take action with respect to the original application within the sixty-five day time period as required by General Statutes § 8-26d.
 Jurisdiction
"[General Statutes] Section 8-8 explicitly governs appeals from decisions of zoning commissions, planning commissions, combined planning and zoning commissions and zoning boards of appeal." Ensign-Bickford Realty Corp. v. Zoning Commission,245 Conn. 257, 265 n. 10, 715 A.2d 701 (1998). "Section 8-8 provides, in subsection (b), that "any person aggrieved by any decision of a [zoning commission] may take an appeal to the superior court for the judicial district in which the municipality is located. . . ." Id., 264. "If an appeal is authorized by statute, there must be strict compliance with it." ManchesterEnvironmental Coalition v. Planning Zoning Commission,41 Conn. Sup. 184, 192, 564 A.2d 639 (1988).
"[N]either General Statutes § 8-9 nor General Statutes §8-10, nor the two sections taken together, permit an aggrieved party direct access to the [superior] court when the local regulations provide an intermediate appellate step between the commission and the [superior] court." Castellon v. Board ofZoning Appeals, 221 Conn. 374, 379, 603 A.2d 1168 (1992). "Town zoning regulations could legally provide that appeals from enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals."Conto v. Zoning Commission, 186 Conn. 106, 113, 439 A.2d 441
(1982). If a town's zoning regulations do provide for intermediate review of a commission's decision by a zoning board of appeals, then a plaintiff must exhaust that administrative remedy before resorting to an appeal to the superior court.Castellon v. Board of Zoning Appeals, supra, 221 Conn. 382; Contov. Zoning Commission, supra, 186 Conn. 114 ("[s]ince the Washington zoning board of appeals affords the plaintiff an CT Page 11211 avenue for relief, she must . . . exhaust that remedy before appealing to a court of law"). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018
(1995).
In the present case, the defendants argue that this court lacks jurisdiction over the appeal because the plaintiffs failed to exhaust their available administrative remedies. Citing the Town of Franklin zoning regulations § 3.5 and Appendix 1(1) thereto, the defendants argue that the plaintiffs had an available administrative remedy through the town's zoning board of appeals, but failed to exhaust that remedy. The plaintiffs do not posit any rebuttal to this argument.
Section 3.5 of the Franklin zoning regulations provides: "Any person who alleges that there is an error in any order, requirement or decision made by the Commission or its agent in 1. enforcement of these Regulations, or 2. action on a special exception application, may appeal such action to the Zoning Board of Appeals." Appendix I (1) of the zoning regulations provides: "An appeal under Connecticut General Statutes, Section 8-6, subsection (1) must be brought to this Board within thirty-five (35) days after the decision appealed from was rendered."
Because it is undisputed that the plaintiffs did not file an appeal with the ZBA until January 26, 1998, the court must determine if that was within 35 days of the date on which the decision appealed from was rendered. If it was not, then the ZBA would have lacked jurisdiction to entertain the plaintiffs' appeal; see Bosley v. Zoning Board of Appeals, 30 Conn. App. 797,800, 622 A.2d 1020 (1993) (untimely appeal to zoning board of appeals results in board's lack of subject matter jurisdiction); and a fortiori, this court would lack subject matter jurisdiction for plaintiffs' failure to exhaust administrative remedies. SeeSimko v. Ervin, supra, 234 Conn. 503; Conto v. Zoning Commission, supra, 186 Conn. 114.
The record discloses that, in fact, a decision was rendered on December 16, 1997. The December 24, 1997 published notice inThe Norwich Bulletin, referencing its December 16, 1997 public hearing, states that the Commission "approved the application of Stolz Home Builders, Inc. for a Subdivision and special exception CT Page 11212 at 224 Baltic Road and Pine Court, with conditions." In addition, the minutes from the January 20, 1998 regular meeting indicate that the Commission corrected the minutes from the December 16, 1997 public hearing so as to reflect the Commission's actual decision of that date. According to the record, therefore, the decision on the applications was officially and actually rendered on December 16, 1997, notwithstanding inaccuracies in the minutes from that meeting.
It is undisputed that the plaintiffs filed their appeal to the ZBA on January 26, 1998, which is not within 35 days of December 16, 1997. (Affidavit of Robert Constant ¶ 3). According to the zoning regulations, the ZBA did not have jurisdiction to entertain the plaintiffs' appeal. See Franklin Zoning Regs., § 3.5 and Appendix I (1); Affidavit of Robert Constant ¶¶ 10-12. As a result, the plaintiffs did not fulfill their responsibility under the zoning regulations in pursuing an appeal to the ZBA within 35 days of the decision. Therefore, their available administrative remedies were not exhausted.
Accordingly, the court finds that the plaintiffs have not fully and properly exhausted their administrative remedies. As a result, this court lacks subject matter jurisdiction over any of the plaintiffs' appeals.
The plaintiffs' appeals are dismissed.
Mihalakos, J.