[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant commission denying the plaintiff's application for approval of its site plan for its property on East Street South in Suffield. The commission acted pursuant to General Statutes § 8-3 and its regulations. The plaintiff appeals pursuant to § 8-8. The defendant commission has moved to dismiss appeal for lack of jurisdiction. The court finds the issues in favor of the defendant.
The facts necessary to the court's decision on the defendant's motion to dismiss in this case are not in dispute. The plaintiff is the owner of the property in question, a 6.21 acre parcel located in an I — 1 industrial zone. On June 7, 2000, the plaintiff applied to the defendant commission for site plan approval which would permit the operation of a "materials shipping facility." More specifically, the plaintiff planned to use the site to accept construction and demolition debris for shipment out of town on railroad cars.
The commission considered the application during three meetings in the summer of 2000. On August 21, 2000, the commission voted to deny the plaintiff's site plan, and that decision was duly published on August 26, 2000.
The plaintiff brought this appeal to this court by proper service on September 8, 2000. Both parties filed briefs on the appeal. On March 30, 2001, prior to oral argument on the appeal, the commission filed a motion to dismiss, asserting that the plaintiff had failed to exhaust its CT Page 10150 administrative remedies and that the court, therefore, lacked subject matter jurisdiction. The court heard oral argument on the motion to dismiss and, in the interest of judicial economy, on the merits of the appeal as well, on April 24, 2001.
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429
(1988). To do so in this case requires the court to enter territory strewn with vexing and confusing issues.
The essence of the commission's argument is that the plaintiff was required to exhaust its remedies at the administrative level by appealing first to the town zoning board of appeals rather than to this court. The plaintiff contends that it followed the proper route by appealing the commission's denial of its site plan directly to this court, bypassing the ZBA.
In Castellon v. Board of Zoning Appeals, 221 Conn. 374, 378 (1992), the Supreme Court confirmed that "town zoning regulations (can) legally provide that appeals from enforcement decisions of a town zoning commission must, in the first instance, be taken to the town's zoning board of appeals," citing Conto v. Zoning Commission, 186 Conn. 106, 113
(1982). A necessary corollary of this rule is that local regulations may grant the zoning commission the power of enforcement of the regulations. Id. Denial of a site plan application constitutes "enforcement" of the regulations. Leo Fedus Sons Construction Co. v. Zoning Board ofAppeals, 27 Conn. App. 412, 417 (1992).
The controlling issues in cases such as this, therefore, are 1) whether the local regulations grant the requisite enforcement power to the commission and 2), if the power is granted to the commission, whether the regulations permit appeals of the commission's enforcement actions to the zoning board of appeals.
Section 6.30 (revised 1/7/91) of the town zoning regulations provides, in general terms, that "these regulations shall be enforced by the Zoning Enforcement Officer as agent of the Commission." With respect to site plan applications, however, the regulations are more precise. Section 6.13.2.a. (Zoning Amendments 1/27/97; effective 2/18/97) provides, in its entirety, "The Zoning Enforcement Officer shall refer applications requiring site plan approval to the Zoning and Planning Commission at a regular meeting. The Commission shall approve, disapprove or approve with modification such proposed site within sixty-five (65) days after formal receipt." The plain meaning of these provisions is that the commission is empowered to make decisions regarding site plan applications and, as noted, this power constitutes "enforcement" power. CT Page 10151
Section 6.42.1 (revised 11/9/87) of the regulations provides that the Suffield Board of Appeals has the power and duty "to hear and decide appeals where it is alleged that there is an error in any . . . decision made by any official charged with the enforcement of any regulations. . . ." The term "official" in this context is not limited to an individual natural person but includes a zoning commission which is empowered to make enforcement decisions. Castellon, supra, 221 Conn. 378-379.
Based on the review of applicable law and the Suffield zoning regulations summarized above, this court concludes that any person aggrieved by a decision of the Suffield zoning and planning commission denying (or approving) a site plan application has the right to appeal to the Suffield zoning board of appeals.
It is a well settled principle of administrative law, applicable to this case, that an appellant must exhaust all administrative remedies, including appeals at the administrative level, before bringing an appeal to this court. Failure to do so deprives this court of jurisdiction and requires dismissal of the appeal. Borden v. Planning ZoningCommission, 58 Conn. App. 399, 405 (2000). Since the plaintiff in this case had the right to appeal the commission's decision to the zoning board of appeals and did not do so, it failed to exhaust its administrative remedies. This court, therefore, has no jurisdiction.
The plaintiff cites Coope v. Zoning Board of Appeals of Suffield, Superior Court, judicial district of Hartford, Docket No. CV 00 059 79 53 (Nov. 30, 2000, Maloney, J.), as authority for its contention that the zoning enforcement officer of the town, not the commission, is exclusively empowered to enforce the regulations, including the approval/disapproval of site plan applications. Accordingly, it argues, the zoning board of appeals has jurisdiction to hear only those appeals which involve actions and decisions of the ZEO, not decisions of the commission. Therefore, the plaintiff contends, it could not appeal the commission's decision in this case to the ZBA and its only avenue of appeal was directly to this court. This contention may not be sustained.
In Coope, supra, the Suffield ZEO had issued an order to a property owner to cease and desist from conducting a pheasant farm on the property without first obtaining a special permit. The property owner appealed to the zoning board of appeals. The ZBA reversed the ZEO's order, determining that the operation of the pheasant farm in that zoning district was a permitted use under section 4.21.14 of the regulations, therefore not requiring a special permit. On appeal of the ZBA's decision to this court, the plaintiff adjacent landowner argued that the ZEO's CT Page 10152 order was in fact an order of the commission, which the ZEO had consulted on the subject, and that the ZBA was not empowered to hear appeals of orders of the commission. Therefore, the plaintiff argued, the ZBA's decision was invalid. This court rejected the plaintiff's arguments, concluding that the ZEO is the "official charged with the enforcement" of section 4.21.14 of the regulations within the meaning of Conn. Gen. Stats. sec. 8-6 and that the ZBA was empowered to hear the initial appeal "whether the order was issued by the officer on his own initiative or after consultation with the zoning commission."
As may be concluded from the review of Coope above, that case is clearly distinguishable from the present case on the facts and in the law. Coope concerned the enforcement of section 4.21.14 of the regulations, and the ZEO was acting in accordance with his general authority under section 6.30. The present case concerns a site plan application, and, as noted, section 6.13.2.a. specifically designates the commission as the "official" empowered to enforce the regulations in that regard. More importantly, Coope does not hold that the ZBA lacks jurisdiction to hear appeals of enforcement decisions made by the commission. That was the plaintiff's argument in that case, but the precise issue was not before the court. Rather, the court in Coope held that the ZBA has jurisdiction to hear appeals of the ZEO's enforcement orders even if those orders are essentially instigated by the commission. That holding is clearly not inconsistent with the court's conclusions in this case.
For all of the reasons set forth above, the defendant commission's motion to dismiss is granted.
Maloney. J.