[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF APPEAL
This is an appeal from an assessment of a zoning citation fine entered against the plaintiffs Rita and Jordan Reich. The plaintiffs are the owners of property located at 147 Costello CT Page 5755 Road in Newington, Connecticut. On March 18, 1998, the Newington Citation Hearing Officer upheld the Newington Zoning Enforcement Officer's issuance of a zoning citation to the plaintiffs and an assessment for failure to comply with various Newington zoning regulations. As a result, the plaintiffs commenced this appeal of the Citation Hearing Officer's decision pursuant to General Statutes § 7-152c.
 BACKGROUND
The plaintiffs, Rita and Jordan Reich, are the owners of property located at 147 Costello Road in Newington, Connecticut ("the property"). (Pl.'s Appeal ¶ 1; Return of Record "ROR" Exhibit M.) The property is located in a Planned Development zone ("PD zone"). The plaintiffs principally used the property for storage of box trailers in their freight brokerage business. (Pl.'s Appeal ¶¶ 4, 6; ROR Exhibit M, N p. 2.)
On February 24, 1997, the Newington Zoning Enforcement Officer ("ZEO") issued to the plaintiffs a Cease and Desist order with respect to the property. (Pl.'s Mem. Supp., Exhibit A.) The order required the plaintiffs to discontinue using the property as a storage area for box trailers, or alternatively to remedy the violation by acquiring site plan approval for the property. (Pl.'s Mem. Supp., Exhibit A.) The plaintiffs did not appeal the issuance of the Cease and Desist order to the Newington Board of Appeals because they "concededly" did not have an approved site plan for the property at the time. (Pl.'s Mem. Supp. p. 4.)
On August 27, 1997, the plaintiffs submitted a site plan application for the property for approval to the Newington Town Plan and Zoning Commission ("Commission"). (Pl.'s Appeal ¶ 7.) The Commission, however, denied approval of the site plan application on September 10, 1997. (Pl.'s Appeal ¶ 7; ROR Exhibit B.) The plaintiffs did not appeal that decision to the Superior Court pursuant to General Statutes § 8-9.
Instead, the plaintiffs appealed the Commission's decision to the Newington Zoning Board of Appeals ("the ZBA") on October 1, 1997. (ROR Exhibit D.) On January 8, 1998, the ZBA determined that it did not have jurisdiction to hear an appeal from a decision of the Commission, or to grant site plan approval. (ROR Exhibit E.) Consequently, on January 12, 1998, the ZBA denied the plaintiff's appeal without prejudice. (Pl.'s Mem. Supp., Exhibit F.) CT Page 5756
One month later on February 12, 1998, the Newington ZEO issued to the plaintiffs a notice of zoning violation for unapproved storage of box trailers on the property in violation of Newington Zoning regulations §§ 5.2.5, 3.23, 3.23.1, 3.23.2 and 3.24.6. (ROR Exhibit F.) Further, the notice required that the plaintiffs remove the box trailers from the property. (ROR Exhibit F.) The plaintiffs, however, failed to do so within the seventy-two hour period provided for in the notice. As a result, on February 20, 1998, the ZEO issued to the plaintiffs a zoning citation for the property. (ROR Exhibit G.) The ZEO also assessed the plaintiffs a $150 fine for failure to comply with the aforementioned zoning regulations. (ROR Exhibit G.)
Thereafter, in accordance with General Statutes § 7-152c, the plaintiffs demanded a hearing by the Citation Hearing Officer ("CHO") regarding the issuance of the zoning citation. (Pl.'s Appeal ¶ 9; ROR Exhibit J.). On March 18, 1998, a hearing was held. At the conclusion of the hearing, the CHO determined that the zoning citation was appropriately issued in accordance with the duties and procedures required of the ZEO. (ROR Exhibit K.) Accordingly, the CHO upheld the ZEO's assessment of the fine and issuance of the zoning citation. (Pl.'s Appeal ¶ 10; ROR Exhibit K.) On April 17, 1998, the plaintiffs commenced this appeal of the CHO's decision.
 JURISDICTION
"A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The plaintiff bears the burden of proving aggrievement. Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). An owner of the subject property is aggrieved and entitled to bring an appeal. WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,308, 592 A.2d 953 (1991). CT Page 5757
The plaintiffs, Rita and Jordan Reich, own the premises at 147 Costello Road, Newington, Connecticut, and therefore they are aggrieved parties entitled to bring this appeal. (Pl.'s Appeal ¶ 1; ROR Exhibit M.)
Timeliness and Service of Process
An appeal to the Superior Court pursuant to General Statutes § 7-152c (g) and Newington Town Ordinance ("Ordinance") § 2-142 must be instituted within thirty days of the mailing of notice of the assessment by the Citation Hearing Officer. Here, notice of the CHO's assessment was delivered to the plaintiffs on March 18, 1998, and the plaintiffs appealed the CHO's decision to the Superior Court on April 17, 1998. (ROR Exhibits K and N; Pl.'s Appeal filed April 17, 1998.) Thus, the plaintiffs' appeal is timely.
SCOPE OF REVIEW
As indicated above, the present appeal is taken pursuant to General Statutes § 7-152c (g). There does not appear, however, to be any established standard for judicial review of a decision of a Citation Hearing Officer rendered pursuant §7-152c (g).[1] In general, judicial review of decisions rendered by local zoning authorities is limited. Thus, this court will employ the standard of review applicable to appeals from the decisions of local zoning authorities, to the herein appeal from the decision of the Citation Hearing Officer.
A zoning authority "is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 579 (1994); Spero v. Zoning Board of Appeals,
supra, 217 Conn. 440. "Courts are not to substitute their judgment for that of the [zoning authority] . . . and decisions of local [zoning authorities] will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." (Internal quotation marks omitted.) Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206, 586 A.2d 590 (1995).
"The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision." (Internal quotation marks omitted.) Francini v. ZoningCT Page 5758Board of Appeals, supra, 228 Conn. 791. "In an appeal from the decision of a zoning [authority], we . . . review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Id.
"[W]here a zoning [authority] has formally stated the reasons for its decision, the court should not go behind that official collective statement of the [authority]." (Internal quotation marks omitted.) West Hartford Interfaith Coalition, Inc. v. TownCouncil, 228 Conn. 498, 513, 636 A.2d 1342 (1994). "The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (internal quotation marks omitted.) Id., 515. "The question is not whether the trial court would have reached the same conclusion, but whether the record supports the decision reached." Burnham v. Planning ZoningCommission, 189 Conn. 261, 265, 455 A.2d 339 (1983).
 DISCUSSION
The plaintiffs argue in support of their appeal of the CHO's decision that there has been no illegal use of the property, and therefore this court should sustain the appeal. The plaintiffs claim that the Commission's decision to deny the plaintiffs' site plan application, in the first instance, was based upon an erroneous interpretation of the Newington zoning regulations. Specifically, the plaintiffs maintain that a proper interpretation of the Newington zoning regulations requires the conclusion that the storage of box trailers in a PD zone is permissible. As such, the plaintiffs argue that the zoning enforcement measures taken against them by the ZEO, as a result of the Commission's erroneous interpretation of the zoning regulations, were unfair and unreasonable.
Thus, the plaintiffs argue that at the hearing before the CHO, they challenged the ZEO's assessment on the basis that the zoning regulations were incorrectly and unfairly interpreted by the Commission. The plaintiffs further claim that the CHO simply accepted, without review, the Commission's interpretation of the zoning regulations. As a result the plaintiffs were denied any substantive review of the Commission's ruling. Therefore, the plaintiffs argue that the procedure followed by the CHO at the hearing defeated the statutory purpose of General Statutes § CT Page 5759 7-142c.
Moreover, as a further result of the CHO's refusal to consider the propriety of the Commission's decision to deny the plaintiffs' site plan application, the plaintiffs seek substantive review of the Commission's decision here. The plaintiffs argue that there has never been a substantive review of the Commission's interpretation of the zoning regulations, and because the plaintiffs are being charged with what essentially amounts to a criminal violation (via the assessment and fine), they are entitled to that review now.
The defendant argues in opposition to the plaintiffs' appeal that this court is limited to a review of the CHO's decision to uphold the ZEO's issuance of the zoning citation and fine only. The defendant argues that this court is not permitted to inquire into whether the Commission properly interpreted the zoning regulations, or whether the zoning regulations themselves are improper. The defendant maintains that the plaintiffs had available to them other avenues with which to challenge the merits of the Commission s interpretation of the zoning regulations, and that they failed to pursue those options.
Thus, the defendant argues, the plaintiffs here can only expect a review of whether there was substantial evidence in the record before the CHO to support his decision to uphold the ZEO's assessment and fine; and that the record before this court clearly demonstrates that the CHO's decision was properly based upon such evidence.
I. General Statutes § 7-152c
The present appeal has been commenced pursuant to General Statutes § 7-152c (g) and Newington Ordinance §§ 2-140 and 2-142. General Statutes § 7-152c is entitled "Hearing procedure for citations," and it provides in pertinent part:
 (a) Any municipality as defined in subsection (a) of section 7-148 may establish by ordinance a citation hearing procedure in accordance with this section. The Superior Court shall be authorized to enforce the assessments and judgments provided under this section.
Under this section, only municipalities that have specifically adopted General Statutes § 7-152c are required to use the citation CT Page 5760 hearing procedure. Newington has adopted the procedure.
Newington established the citation hearing procedure through its enactment of Ordinance § 2-140. Ordinance § 2-140 provides: "There is hereby established, in accordance with Connecticut General Statutes § 7-152c, a citation hearing procedure for the Town of Newington. The superior court has authority to enforce assessments and judgments provided under this article." (ROR Exhibit I.)
Moreover, pursuant to General Statutes § 7-152c (g) and Ordinance § 2-142 (e), the Superior Court is authorized to hear appeals from the decisions of the Citation Hearing Officer. Pursuant to General Statutes § 7-152c (g),
 [a] person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment . . . in the superior court for the geographical area in which the municipality is located, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court.
Newington Ordinance § 2-142 (e) essentially mirrors the language of § 7-152c (g). In light of the foregoing, this court must review the decision of the Newington Citation Hearing Officer, in accordance with the normal standard of review reserved for decisions of zoning authorities, in order to determine whether the CHO's decision was properly reached.
As stated previously, the record reflects that on February 20, 1998, the plaintiffs were issued a zoning citation and fine by the Newington ZEO for "unapproved storage of box trailers without a principal use" in violation of Newington zoning regulations §§ 5.2.5, 3.23, 3.23.1, 3.23.2 and 3.24.6. (ROR Exhibit G.) On that same day, the plaintiffs notified the defendant that they desired a hearing pursuant to General Statutes § 7-152c (d), and on March 18, 1998, a hearing was held. (ROR Exhibits J, N.)
At the hearing, the plaintiffs argued that the ZEO improperly issued the zoning citation because the plaintiffs were not in violation of the zoning regulations. Specifically, the plaintiffs argued that their use of their property was a permitted use under CT Page 5761 the zoning regulations. (ROR Exhibit N p. 4.) Thus, the plaintiffs argued that because their use of the property was permitted under the zoning regulations, the Commission's denial of their site plan application for the property was incorrect, and the issuance of the zoning citation had to be vacated. (ROR Exhibit N pp. 4-6.)
The defendant argued before the CHO that the CHO should not consider whether the Commission had correctly denied the plaintiffs' site plan application. Rather, the defendant argued that the CHO could only consider whether the plaintiffs had an approved site plan for the property. Since they did not, the ZEO was well within his authority to issue the citation and fine. (ROR Exhibit N p. 6.)
At the conclusion of the hearing, the CHO released his written decision upholding the ZEO's issuance of the zoning citation and fine. The CHO's written decision titled, "Notice of Hearing Decision," dated March 18, 1998, states the following findings of fact in support his decision. (ROR Exhibit K). The CHO found that the "Zoning Enforcement Officer enforces the regulations as they have been interpreted by the Commission." (ROR Exhibit K). The CHO also found that "[a]ll evidence indicates that there is no approved Site Plan as required by the regulations. [Moreover], the current use for outside storage has been interpreted as a non permitted use. . . ." (ROR Exhibit K.) Therefore, the CHO concluded that the citation was issued in accordance with the duties and procedures required of the ZEO, and the assessment of $150 fine was proper.
The CHO's finding that the ZEO is charged with enforcing the zoning regulations of Newington is supported by the record. Specifically, Art Hanke, the ZEO of Newington, testified at the hearing that he was charged with the enforcement of Newington's zoning regulations. (ROR Exhibit N p. 5.) Moreover, Hanke's testimony is verified by Newington Zoning Regulation § 7.1.1. (ROR Exhibit A.) Newington Zoning Regulation § 7.1.1 provides that the "zoning administrator"[2] possesses the "authority to enforce the provisions of [the zoning] regulations." (ROR Exhibit A.) Therefore, the CHO's finding that the ZEO is authorized to enforce the zoning regulations of Newington is supported by the record.
Next, the record before the CHO at the hearing reflects that the plaintiffs applied for, and were denied, site plan approval CT Page 5762 for the property. (ROR Exhibit B.) Further, the record reflects that the plaintiffs, at the time the ZEO issued the zoning citation on February 20, 1998, did not have an approved site plan for the property. (ROR Exhibits B, N p. 11.) Consequently, the CHO's finding that the evidence indicated that the plaintiffs had no approved site plan for the property "as required by the regulations" was supported by the record. (ROR Exhibit K.)
Moreover, the record reflects that the ZEO issued the zoning citation and assessment because the plaintiffs were storing box trailers on the property without site plan approval in violation of, inter alia, zoning regulation § 5.2.5, the site plan requirement section. (ROR Exhibit G, N.) Newington Zoning Regulation § 5.2.5 provides that the Commission "shall, in accordance with section 5.3, require that a site plan be submitted . . . to determine if the use [of property] is in harmony with the intent of the regulation, and the character of the area in which it is located." (ROR Exhibit A.) Here, the record indicates that the plaintiffs did not obtain site plan approval for the storage of box trailers on the property, although that specific use required an approved site plan under the Newington zoning regulations. (ROR. Exhibits A, B, N.)
Therefore, based upon the foregoing, the CHO's decision to uphold the ZEO's issuance of the zoning citation and assessment was supported by substantial evidence in the record. The record reflects that the CHO correctly determined that the ZEO is charged with the enforcement of zoning regulations. The record also reflects that the plaintiffs were in violation of zoning regulation § 5.2.5 because they were storing box trailers on the property without an approved site plan. Thus, the CHO's decision was properly supported by evidence in the record, and the plaintiffs' appeal must be overruled.[3]
Although this court finds that the CHO properly upheld the ZEO's assessment, the court will address briefly the plaintiffs claim that this court should address the substantive issues underlying the Commission's denial of the plaintiffs' site plan application on September 11, 1997.
The short answer to the plaintiffs claim is that this court has no authority to address the merits of the Commission's decision. As discussed above, this court's power of review is limited to whether there was sufficient evidence in the record to support the CHO's decision. See West Hartford InterfaithCT Page 5763Coalition, Inc. v. Town Council, supra, 228 Conn. 515 (reviewing court only to determine whether the assigned grounds in decision are reasonably supported by the record). Here, as previously addressed, there was such evidence before the CHO to support his decision, and as such, this court must uphold the ruling.
Furthermore, the plaintiffs could have acquired substantive review of the Commission's decision if they had appealed that decision to the Superior Court as provided for in General Statutes § 8-9. It is well recognized that unless the local zoning regulations provide otherwise, an appeal from a decision by a planning and zoning authority to deny an applicant's application for site plan approval is to be taken to the Superior Court, and not the local zoning board of appeals. See General Statutes § 8-9;[4] Castellon v. Board of Zoning Appeals,221 Conn. 374, 377-78, 603 A.2d 1168 (1992); TLC Development,Inc. v. Planning Zoning Commission, 215 Conn. 527, 577 A.2d 288
(1990); cf. Conto v. Zoning Commission, 186 Conn. 106, 439 A.2d 441 (1982). Consequently, the plaintiffs should have appealed the Commission's denial of their site plan application to the Superior Court, and not the ZBA, if they desired substantive review of the Commission's decision.
 CONCLUSION
The plaintiffs' appeal of the Citation Hearing Officer's decision, pursuant to General Statutes § 7-152c, is overruled. There was substantial evidence in the record before the CHO to support his decision that the plaintiffs were properly issued the zoning citation and assessment.
IT is so ordered.
KREMSKI, J.T.R.