[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
On October 15, 1998, the defendant, the Zoning Board of Appeals of the Town of Trumbull, approved an application for a variance reducing the frontage of certain real property from 159 feet to 102.13 feet. On October 20, 1998, the defendant published a notice of approval in the Connecticut Post. The plaintiff, Jo-Ann O'Neill, appeals that decision.
On November 4, 1998, the sheriff served the Trumbull Town Clerk with the plaintiff's summons and complaint. The sheriff, however, failed to serve the Chairman and the Clerk of the Zoning Board of Appeals as indicated on the writ of process. The defendant moved to dismiss for lack of subject matter jurisdiction due to failure of service. On January 19, 1999, the plaintiff served the Chairman and the Clerk of the Zoning Board of Appeals. The plaintiff objects to the motion to dismiss, arguing that the appeal is saved under General Statutes § 8-8
(q)
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama. Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985). "The appeal provisions of the statute are CT Page 4988 jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal." (Internal quotation marks omitted.) Donis v. Board of Examiners of Podiatry, 207 Conn. 674,683, 542 A.2d 726 (1988). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. . . . We have consistently stressed that strict observance of the jurisdictional requirement is necessary." (Citations omitted; internal quotation marks omitted.) Mannweiler v.LaFlamme, 232 Conn. 27, 35, 653 A.2d 168 (1995). The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court. It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli. Inc. v.Town of Branford, 247 Conn. 407, 410, ___ A.2d ___ (1999).
The defendant argues that the court should dismiss the plaintiff's complaint because the plaintiff did not serve the Chairman or Clerk of the Zoning Board of Appeals in accordance with General Statutes §§ 8-8 (b)[1] and (e).[2] In response, the plaintiff argues that any defect in service was corrected within the time specified by statute and thus is curable under General Statutes § 8-8 (q).[3]
The plaintiff contends that he directed the sheriff to serve copies of the summons and complaint in this action to the Chairman or Clerk of the Zoning Board of Appeals within the fifteen day period. The plaintiff argues that the lack of service occurred because of neglect on the part of the sheriff. The sheriff attests in an affidavit that he failed to deliver the summons and complaint to the Chairman or Clerk of the Zoning Board of Appeals despite the plaintiff's direction on the summons to do so. The plaintiff's attorney argues that he had no knowledge of this service of process error until January 4, 1999. At that time, the attorney re-directed the sheriff to serve all of the parties in this action. The sheriff served the Chairman and Clerk on January 9, 1999. The plaintiff contends that this service cures the prior error in service which was due to the sheriff's neglect.
In Castellon v. Board of Zoning Appeals, 221 Conn. 374, CT Page 4989 383-84, 603 A.2d 1168 (1992), the court stated: "Conceivably, therefore, on the remand the case could be subject to a motion to dismiss by the defendants because the plaintiffs had not filed an appeal to the court from the decision of the commission. The defendants do not suggest such a draconian result, however, and they should not be heard to complain that the case arrived at the proper place by virtue of two steps rather than by one. Furthermore, the commission was made a party defendant, along with the board, in the plaintiffs appeal to the trial court. Under those circumstances, we deem it appropriate that, pursuant to General Statutes § 8-8 (p)[4] on the remand the trial court should retain the case and consider it as an appeal from the decision of the commission." At least one court has held "that Castellon stands for the proposition that under the proper circumstances 8-8 (p) and by extension 8-8 (q), can be used to save a zoning appeal from a jurisdictional defect." Wasilewski v.Planning and Zoning Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 354703 (May 13, 1994, Booth, J); see also Caruso v. Zoning Board of Appeals,
Superior Court. judicial district of New Haven at Meriden, Docket No. 250935 (February 11, 1996, Silbert, J.) (16 Conn. L. Rptr. 302). But see Baumer v. Borough of Newtown Zoning Commission,
Superior Court, judicial district of Danbury, Docket No. 323760 (January 15, 1997, Moraghan, J.) (finding that Castellon does not stand for the proposition that (p) and (q) can be used to cure a jurisdictional defect of the magnitude existing in the case before the court);[5] Carr v. Somers Zoning Board of Appeals,
Superior Court, judicial district of Tolland, Docket No. 0044024, (December 13, 1991, Dunn,.J.) (section 8-8 (p) (q) were not intended to save late appeals or remedy lack of subject matter jurisdiction).[6]
The court concludes that the jurisdictional defect in the present case should be cured by application of General Statutes § 8-8 (q). That section provides in pertinent part: "If any appeal has failed to be heard on its merits because of insufficient service . . ., due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ." In the present case, the appeal would have failed due to the insufficient service of process by the plaintiff. Nevertheless, § 8-8 (q) is available to the plaintiff in this case because the error in service of process occurred due to neglect on the part of the sheriff when he initially served process. The CT Page 4990 plaintiff discovered the error on January 4, 1999 and reserved all of the defendants on January 19, 1999, thereby complying with the allowance of fifteen additional days to take the appeal. See General Statutes § 8-8 (q).
As the plaintiff attempted to take this appeal in a timely fashion and cured the error made by the sheriff in accordance with General Statutes § 8-8 (q), the court should deny the defendants motion to dismiss. See Caruso v. Zoning Board ofAppeals, supra, 16 Conn. L. Rptr. 302; Wasilewski v. Planning andZoning Commission, supra, Superior Court, Docket No. 354703.
Based on the foregoing, the defendant's motion to dismiss is denied.
SKOLNICK, J.